No. 9389.

THE INDUSTRIAL COMMISSION ET AL. *v.* JOHNSON.

INDUSTRIAL COMMISSION—*Findings of.* A judgment arbitrarily rejecting the findings of the industrial commission, and plainly inconsistent with such findings, reversed. Cause remanded,

with directions to approve such findings and enter judgment accordingly.

*Error to Denver District Court, Hon. John I. Mullins, Judge.*

Hon. LESLIE E. HUBBARD, Attorney General; Mr. JOHN L. SCHWEIGERT, Assistant Attorney General, Mr. WALTER E. SCHWED, Mr. WILLIAM E. HUTTON and Mr. BRUCE MC-CAY, for plaintiffs in error.

Mr. CHARLES F. MORRIS, for defendant in error.

Mr. Justice Bailey delivered the opinion of the Court.

THE Industrial Commission of Colorado, hereinafter called the commission, seeks to have reviewed on writ of error a judgment of the district court in favor of defendant in error Guy M. Johnson, hereinafter called the claimant, by which he was awarded compensation at the rate of eight dollars per week, so long as disabled, or until he had received the maximum amount of $2,080.00, provided for in such cases.

The claimant, while in the scope of his employment was injured in May, 1916, and at a hearing before the commission on December 20, 1916, it was found that he was neither totally nor permanently disabled, and was allowed six weeks compensation, in addition to that which he had already been paid, for temporary disability. On January 23, 1917, having made no application for a re-hearing, the claimant filed a complaint in the District Court for a review of the findings of the commission. The commission filed its answer thereto, and the other defendants, plaintiffs in error here, interposed a general demurrer and also an answer to the merits. The demurrer was overruled and after a full hearing the cause was remanded to the commission. An additional hearing was had beginning on July 11, 1917, which was continued from time to time to allow claimant to receive further medical attention. His trouble consisted of an injury to his left foot, which he contended was permanent, but which physicians testified would yield to treatment.

A final hearing was had on October 9, 1917, at which time three physicians testified as to the claimant's physical condition. One physician, a specialist, testified that a minor operation, involving no risk, would greatly benefit him. The others testified that the disability then present amounted to approximately twenty-five per cent of total disability of his left foot at the ankle, and all agree that his condition would improve with proper treatment. The insurance company then offered to provide claimant with one month's treatment, involving the minor operation above mentioned, free of cost to him. The commission ordered this treatment and directed that compensation should cease until such time as Johnson had undergone such operation, to which he refused to submit, and thereupon, and on October ·20, 1917, the commission entered its findings and award by which claimant was found to have sustained a twenty-five per cent total disability of the use of his left foot at the ankle, and that he was then able to work. The amount fixed by law to be paid for such disability having been already exceeded, no further compensation was awarded.

The claimant, without applying for a re-hearing, filed a motion in the same suit previously filed by him in the District Court, to reopen the case, and to require the return of the files of the commission to the District Court. This motion was sustained and claimant was permitted to file a supplemental or amended complaint. To this a demurrer was interposed, which was overruled. The insurance company then answered, and by stipulation the answer of the commission to the original petition was allowed to stand as its answer to the amended complaint.

On February 26, 1918, a hearing was had upon the issues as made. No further evidence was taken, but the court found that the order entered by the commission was not supported by its findings of fact, and entered judgment as hereinabove stated.

It is urged that the District Court had no jurisdiction to enter any order in the cause, because the proper pro-

cedure was not followed in taking the case before it, and that, in any event, the award is in conflict with the findings of fact of the commission. The claimant contends that the circumstances of this case made the procedure adopted by him necessary, as the only way open to bring the case before the District Court. It is not necessary to determine this case upon a, question of procedure, as it conclusively appears from the record that in entering the award the District Court absolutely ignored and refused to recognize the findings of fact of the commission, and reached a conclusion and rendered judgment contrary to and plainly inconsistent with such findings.

After an exhaustive hearing, continued from time to time in order to give the claimant every opportunity to substantiate his claim, the commission found that he had sustained an injury to his left foot, which resulted in permanent disability of that member amounting to twenty-five per cent of the total loss of the foot at the ankle, and further found that in other respects he was at that time able to do ordinary work. There is ample competent testimony to support and uphold these findings. In fact, the evidence as to the physical condition of the claimant is practically uncontradicted, and no other findings could be logically adduced or result from the testimony.

This court, in *Passini v. Industrial Commission, et al.,* 63 Colo. 171 Pac. Colo. 369, in discussing the effect of findings of fact by the commission, at page 370 said:

"This court may consider only the legal question of whether there is evidence to support the findings, and not whether the Commission has misconstrued its probative effect. The award is conclusive upon all matters of fact properly in dispute before the Commission, where supported by evidence or reasonable inference to be drawn therefrom."

And further, on page 371, it is said:

"The purpose of the Act is to confine the settlement of compensation cases to the Commission itself, so far as is consistent with justice."

As there is manifestly nothing in the record to justify the setting aside of the findings of the Commission the judgment will be reversed and the cause remanded with instructions to the trial court to approve, and accept, the findings of the Industrial Commission, and enter judgment accordingly.

Judgment reversed and cause remanded, with instructions.

Decision *en banc.*

Mr. Justice Scott dissents.