### No. 9460.

#### YOUNGQUIST ET AL. v. INDUSTRIAL COMMISSION ET AL.

INDUSTRIAL COMMISSION—*Findings of,* supported by credible and substantial evidence will be affirmed.

*Error to Denver District Court, Hon. Julian H. Moore, Judge.*

*En banc.*

Mr. H. W. SPANGLER and Mr. NATHANIEL HALPERN, for plaintiffs in error.

Hon. LESLIE E. HUBBARD, Attorney General, Mr. JOHN L. SCHWEIGART, Assistant, and Mr. WILLIAM E. HUTTON, for defendants in error.

Burke, J.

ANDREE YOUNGQUIST (husband of Sophie Youngquist and father of Fredolph Youngquist) was employed on July, 19, 1917, by the defendant Brick Company, and on that date was injured by falling brick at the Company's place of business in Denver, Colorado. A day or two after the injury he returned to work and continued in the employ of the company for three weeks, at the end of which time he was taken to his bed with an illness from which he died one week later. The widow, for herself and minor child,

filed with the defendant Industrial Commission her claim, under the Workmen's Compensation Act, chapter 179, page 515, Laws of 1915. Hearing was had thereon and January 11, 1918 said claim was denied. A petition for rehearing was filed which was denied February 26, 1918, and the findings and decree of January 11, 1918, upheld and established as the final decision of the commission. March 20, 1918, plaintiffs in error filed in the District Court their complaint to review the action of said commission and set aside its findings. June 4, 1918, the cause came on for trial in the District Court, a jury was waived, and the evidence theretofore submitted to the commission was introduced as the sole evidence before the court, which gave judgment, affirming and confirming the award of the commission. From this judgment the plaintiffs bring error.

Mr. Justice Burke delivered the opinion of the court.

The only question of importance in this case was, "Did the deceased come to his death by reason of the injury above mentioned, or was the cause of death independent thereof?" The commission found the latter. The District Court sustained the finding and if it was supported by "credible and substantial evidence" that judgment must stand.

*Industrial Commission v. Johnson,* 64 Colo. 461, 172 Pac. 422.

"This court may consider only the legal question of whether there is evidence to support the finding."

*Passini v. Industrial Commission,* 64 Colo. 349, 171 Pac. 369.

A careful examination of the evidence in the case before us discloses a conflict on the question of the cause of the death of the deceased, but that there is "credible and substantial evidence" which supports the findings of the commission can not be doubted.

The judgment is therefore affirmed.

Scott, J., not participating.