## No. 9926.

### WEAVER v. INDUSTRIAL COMMISSION, ET AL.

Decided Jan. 10, 1921.

Proceeding under the Workmen's Compensation Act. Claim denied.

### *Reversed.*

1. WORKMEN'S COMPENSATION—*Industrial Commission—Findings.* It is the plain duty of the commission to make specific findings reciting all facts important in the history of the case, as well as specific findings of fact bearing upon the contentions of the par-

ties from the testimony adduced.  Mere conclusions of law will not suffice.

2.        *Industrial Commission—Findings—Evidence.*  Where the findings of fact of the commission and the evidence contained in the record are insufficient upon which to determine the issue presented, the cause will be remanded to the commission for further investigation.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Messrs. QUAINTANCE, KING & QUAINTANCE, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. JOHN S. FINE, assistant, Mr. WILLIAM E. HUTTON, Mr. BRUCE B. McCAY, for defendants in error.

MR. JUSTICE SCOTT delivered the opinion of the court.

THIS case, like a great majority of those having their origin with the State Industrial Commission contains no intelligent or sufficient statement or finding of fact by that body as is required by law.

The purported findings are confined entirely to the following:

"The Industrial Commission, on the 12th day of October, A. D. 1917, after having read and considered all of the evidence finds:

That the said A. C. Weaver on or about the 24th day of November, A. D. 1915, while performing duties arising out of and in the course of his employment as an employe of the said Mountain Motor Fuel Company by being burned on different parts of the body through an explosion.

The Commission further finds from the evidence that the said A. C. Weaver died on March 23rd, 1917, and that the proximate cause of the death of the said A. C. Weaver was due to abscesses or ruptured appendix and the ensuing appendicitis which was caused thereby, and that the death of the said A. C. Weaver was not caused by or due to the accident which the said A. C. Weaver suffered on the 24th

day of November, A. D. 1915, and that therefore the claim of the said claimants, Louise Weaver, widow of the decedent, and Lena Louise Weaver, minor child of decedent, should be denied."

In this statement there does not appear to be the finding of a single fact which in any sense justifies the conclusion of the Commission, or which affords a basis for review by this court.

Just how the trial court could intelligently render a judgment for or against the contentions of either party from a consideration of this purported finding is not clear. The court sustained the judgment of the Commission, but certainly not from any statement of the facts detailed in the findings of the Commission, for this contains nothing but bare conclusions of law, certainly not justified by any fact stated therein.

The statute in this particular is not to be treated as without a purpose, and inasmuch as it prohibits the court from disturbing the findings of fact by the Commission upon which it bases its judgment and award, it is imperative that the court have before it a sufficiently complete statement of the facts by the Commission, as will enable it to render an independent conclusion as to the law to be applied.

It was not the purpose of the statute to compel the court to dig through the record to ascertain all of the facts appearing, else it would not have provided that the findings of fact by the Commission must be controlling on review.

A statement of the facts and circumstances of the entire case as found by the Commission is imperative, or an intelligent, efficient or just review by the court is impossible.

From the record alone, but not from any finding of fact by the Commission, we gather that A. C. Weaver, while in the employ of The Mountain Motor Fuel Company, was injured in an accident growing out of an explosion and fire, on the 24th day of November, 1915; that his injuries were extremely serious, his hair was burned from his head, his clothing burned from his body, his face permanently disfigured and his body permanently impaired. While it

appears that at a later time he performed some sort of service for his company, it is quite clear that he was a sufferer by reason of his injuries in the accident until the time of his death.

The record indicates that Weaver had been awarded compensation, which he received for the period from the time of his injury until the time of his death, but this is not clear from the record and is not referred to in the findings of the Commission.

It appears from the record alone that he was operated upon for what was diagnosed as appendicitis and ulcers formed in the stomach and intestines and that he died a few days after such operation, on the 23rd day of March, 1917, or about one year and four months after the accident. He appears to have suffered greatly after the accident from nausea and from pains in the region of his stomach and bowels. This seems to have continued generally from the time of the accident until the time of the operation.

The surgeons suggested a deplorable internal condition appearing at the time of the operation. The testimony of the physicians indicates that the burns suffered were not the probable cause of appendicitis, yet it is not at all clear from the testimony that appendicitis was the direct cause of death or that this may not have been more directly attributable to other infections indicated by the ulcers and decaying condition found in the stomach and bowels.

The claim of the dependents is that there was such causal connection between the accident and the condition resulting directly in death as to justify recovery under the statute. The testimony of the physicians was not directed to this vital question sufficiently for the court upon its own initiative to determine the question and the Commission made no finding upon this point.

It is the plain duty of the Commission to make specific findings, reciting all facts important in the history of the case, as well as specific findings of fact bearing upon the contentions of the parties from the testimony adduced. Mere conclusions of law will not suffice.

The judgment of the District Court is reversed with directions to remand the case to the Industrial Commission with instruction to investigate further as to the direct cause of the death of Weaver, and as to whether or not there was a reasonable causal connection between the accident and such cause of death, or whether or not such accident hastened death from any cause then existing.   Further, that the Commission be required to specifically find its conclusion as to all the facts appearing, and its conclusions of law drawn from such facts.

Judgment reversed.

MR. JUSTICE DENISON and MR. JUSTICE BURKE concur.