No. 10,280.

CRAWFORD, ET AL. *v.* THE INDUSTRIAL COMMISSION, ET AL.

Decided May 1, 1922.

Proceeding under the workmen's compensation act. Claim for compensation denied.

*Reversed.*

1.  WORKMEN'S COMPENSATION—*Industrial Commission—Findings.* In a proceeding under the Workmen's Compensation act, it is the duty of the industrial commission to make sufficient specific findings of fact, and where it fails to do so, a cause which has been brought to the supreme court for review, will be remanded for further proceedings.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Messrs. TOLLES & COBBEY, for plaintiffs in error.

Mr. L. WARD BANNISTER, Mr. SAMUEL M. JANUARY, Mr. WM. T. WOLVINGTON, Mr. VICTOR E. KEYES, attorney general, Mr. JOHN S. FINE, assistant, for defendants in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

ON January 5, 1921, there was filed with the Industrial Commission of Colorado by Mrs. M. C. Crawford on behalf of herself and her daughter Helen Crawford fourteen years of age, a certain "dependents notice and claim for compensation" from which it appears that claimants are the mother and sister respectively of Robert Elwood Crawford, deceased, who was born February 14, 1903, was employed by defendant M. D. Neusteter Company at Denver, Colorado, on May 22, 1920, the date of the accident; that said accident was caused "in running an elevator" and the nature of the injury "burns and shock caused by electricity;" and that the injured employee died November 13, 1920.

July 29, 1921, the Commission made and filed its "findings and award," the material portion whereof reads:

"That Robert Elwood Crawford, now deceased, filed his claim for compensation May 29th, 1920, alleging that he was injured May 22nd, A. D. 1920, while working for the above named employer at Denver, Colorado, and while operating an electric elevator, and that while so operating

said elevator and while he was within said elevator, that he sustained a shock from the electrical apparatus, causing injury to the left eye and further derangement to his entire system. That this claim was denied by the Referee October 8th A. D. 1920. That thereafter claimant died, his death occurring November 13th, A. D. 1920:

That on January 5th, A. D. 1921, his mother, Mrs. M. C. Crawford, on behalf of herself and a minor sister of the decedent, filed a dependents' notice and claim for compensation. That at the hearing held on such claim, the claimants relied upon the testimony heretofore submitted in support of their contention, that the death of the said Robert Elwood Crawford was the proximate result of his injuries of May 22nd, A. D. 1920, and by stipulation of the parties hereto, the evidence taken at the former hearing held upon the claim of Robert Elwood Crawford was made a part of the record in this cause.

The Referee is of the opinion that Robert Elwood Crawford from and after May 22nd, A. D. 1920, was suffering from an injury caused by an electric shock, and that his death on November 13th, A. D. 1920, was the proximate result of an electric shock sustained by the said Crawford. The Referee, however, is unable to find from the evidence that the shock sustained by the decedent, Crawford, was sustained in the manner and at the time and place alleged by the claimants herein. Proof as to the possibility of sustaining an electric shock in the manner and at the time and at the place alleged by the decedent himself clearly and positively precludes the possibility of finding that the shock from which Crawford was undoubtedly suffering could have been sustained as he alleged. It, therefore, follows that the claim for compensation must be denied."

Claimants thereafter brought this action in the district court to vacate and set aside said award. The court confirmed the findings and award of the Commission. To review that judgment this writ is prosecuted.

The only grounds upon which a decision of the Commission can be reversed by the District Court are:

"(a)   That the Commission acted without or in excess of its powers;

(b)   That the finding, order or award was procured by fraud;

(c)   That the findings of fact by the Commission do not support the order or award."   Sec. 103, Laws of 1919, p. 743.

"Questions of law only" can be reviewed by us on writ of error.   Sec. 108, Laws of 1919, p. 744.

Among the allegations in the complaint are:   "(a)   That the Industrial Commission acted without and in excess of its powers as follows:   *   *   *

(8)   That the Industrial Commission and its Referee have made insufficient findings of fact.

(b)   That the findings of fact of the Industrial Commission do not support its order or award in that;   *   *   *.

(7)   That the Industrial Commission has made insufficient findings of fact upon which to base its award."

The duty of the Commission to make specific findings of fact as the foundation of its award, that this court may determine the validity of the award itself therefrom, has been repeatedly pointed out.   *Prouse v. Industrial Commission,* 69 Colo. 382, 384, 194 Pac. 625; *Weaver v. Industrial Commission,* 69 Colo. 507, 194 Pac. 941; *Olson-Hall v. Industrial Commission,* 69 Colo. 518, 194 Pac. 212.

It would seem that this court has failed to make itself clear, despite its somewhat vigorous criticisms of findings of fact heretofore certified to us, or that there exists an inexplicable negligence on the part of the Commission, or its referees, in discharging their duty under the statute and the authorities.

Whether it was the intention of the referee herein, in the first paragraph of his findings, to refer to the *claim* of the deceased or his *testimony* as "alleging" the matters therein mentioned, does not appear from the findings.   The only important finding of fact is a negative, i. e., The inability of the referee to find from the evidence of claimants that the shock sustained by decedent was sustained "at the

time and place alleged by the claimants." Whether this means alleged by the claimants in their *statement* or by the *testimony* of their witness, the deceased, does not appear. We get the impression that the referee intends to hold that a failure to find that this accident occurred at the precise time and place and in the exact manner stated in the testimony of deceased precludes recovery by these claimants. If so we are not prepared to agree with him.

It becomes absolutely essential that the Commission make some definite findings of fact herein. We are told that deceased was suffering from this shock "from and after May 22nd." When did he get it? Where did he get it? How did he get it? Having found these facts in detail the Commission may draw its conclusions therefrom as to whether, at the time of the accident, the employee was "performing service arising out of and in the course of his employment," which is the test of right of recovery, and make its award accordingly. From the facts so found we can then, and not till then, determine the correctness of the Commission's conclusion and the support, if any, which such facts furnish for the award.

The judgment is reversed and the cause remanded to the District Court with directions to send it to the Commission for compliance with the law.

MR. JUSTICE TELLER sitting as Chief Justice.

MR. CHIEF JUSTICE SCOTT not participating.