No. 10,530.

CRAWFORD, ET AL. v. INDUSTRIAL COMMISSION, ET AL.

Decided February 5, 1923.

Proceeding under the workmen's compensation act. Claim for compensation denied.

*Affirmed.*

1. WORKMEN'S COMPENSATION—*Commission Findings.* Findings of the Industrial Commission based on conflicting evidence, or which are supported by evidence, will not be disturbed on review.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Messrs. TOLLES & COBBEY, for plaintiffs in error.

Mr. L. WARD BANNISTER, Mr. SAMUEL M. JANUARY, Mr. WM. T. WOLVINGTON, Mr. VICTOR E. KEYES, attorney general, Mr. JOHN S. FINE, assistant, for defendants in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THIS cause was heretofore before this court and was remanded for more specific findings. *Crawford, et al. v. Industrial Commission, et al.,* 71 Colo. 378; 206 Pac. 1073. We will make no statement here which can be supplied by that opinion.

In accordance with directions there given, the commission, under date of August 14, 1922, entered its "supplemental award." This award was against plaintiffs in error. It was thereafter duly confirmed by the district court. To review that judgment the cause is once more before us on error.

The commission's "supplemental award" last made, contains much that is surplusage, including a detailed statement in narrative form of certain of the testimony, the theory of the commission as to the necessity of complying with the law, an argument on the facts, and other matter with which we have no concern. It does, however, contain findings of fact. These read as follows:

"That Robert E. Crawford, now deceased, was employed as an elevator pilot by the above named employer at Denver, Colorado; that he did not sustain an accidental injury on May 22nd, A. D. 1920, while operating the electrical elevator for the above named employer, as testified to by the decedent before this commission; further, that he did not sustain an electrical shock on May 22nd, A. D. 1920 while working for the above named employer within the power house; further, that he did not sustain an electrical shock of any kind on May 22nd, A. D. 1920 or at any other date or dates, while in the employ of the above named employer; further, that his death on November 13th, A. D. 1920, was caused by an electric shock but as to where the claimant may have sustained such electrical shock, or as to the manner in which said shock may have been caused, is unknown to this commission, but from the evidence submitted herein, was not sustained by the decedent, Crawford, while in the employ of the above named employer and did not arise out

of and in the course of his employment; further, that Mrs. M. C. Crawford, mother, and Helen Crawford, minor sister, were not dependent upon the decedent at the date of his death, and were not and are not dependents as defined by the Workmen's Compensation law of Colorado."

Prior to his death Robert Elwood Crawford had filed his claim for compensation and testified before the commission in support of it. That evidence was admitted by stipulation in support of the claim of plaintiffs in error here. It fully supports the claim as to the time, place and manner of decedent's reception of the shock which the commission says caused death. If true, death was due to an accident arising out of and in the course of the employment. To rebut that evidence defendants in error offered the testimony of certain experts to the effect that the reception of such a shock at the time and place and in the manner testified to by decedent was an absolute impossibility.

Thus the principal facts in dispute were put squarely up to the commission on conflicting evidence and we are without power under such circumstances to disturb its findings. *Industrial Commission v. Johnson*, 66 Colo. 292, 181 Pac. 977; *Passini v. Industrial Commission*, 64 Colo. 349, 171 Pac. 369; *McPhee Co. v. Industrial Commission*, 67 Colo. 86, 185 Pac. 268; *Youngquist v. Industrial Commission*, 67 Colo. 187, 184 Pac. 381.

There is likewise ample evidence to support the commission's finding of nondependency, and there is no other question raised by the record deserving of consideration, or any reason for a further examination of these.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE TELLER not participating.

MR. JUSTICE ALLEN sitting as chief justice.