TAYLOR, Appellant, v. MARTIN, Respondent.

(215 N. W. 695.)

(File No. 5569. Opinion filed October· 22, 1927.)

1. **Vendor and Purchaser—Under Contract Containing Forfeiture Provision, Where Purchaser Defaults, Vendor May Tender Performance or Take Back Land and Retain Payments, but Cannot Do Both.**

    Under contract for the purchase of land containing a provision giving vendor the option to declare a forfeiture and retain payments made if ·purchaser fails to make payments as provided, where purchaser defaults in making payment, vendor may perform either by tendering conveyance or taking back land and retaining payments made, but cannot do both.

2. **Vendor and Purchaser—Where Purchaser Defaulted in Payments, Vendor's Retaking Possession Without Tendering Performance Held Not Breach or Abandonment of Contract Containing Forfeiture Provision.**

    Where contract for purchase of land contained provision giving vendor option to declare a forfeiture and retain payments already made if purchaser failed to make agreed payments, where purchaser defaulted in making payment, vendor's retaking possession without tendering ·performance held not a breach or abandonment of the contract entitling purchaser to recover ·payments made.

3. **Vendor and Purchaser—Mutual Abandonment or Rescission of Contract Containing Forfeiture Provision Cannot Be Implied from Vendor's Retaking Possession on Purchaser's Default.**

    Under contract containing provision giving vendor option to declare forfeiture and retain payments already made if purchaser defaulted in making payments, mutual abandonment or rescission cannot be implied from vendor's retaking possession on purchaser's default, and purchaser is not entitled to recover payments made.

4. **Contracts—Courts Must Enforce Lawful Contracts.**

    Where a contract is lawful, court must enforce it.

5. **Vendor and Purchaser—Purchaser's Suit to Recover Payments, Claiming Abandonment or Breach of Contract Containing Forfeiture Provision, Held Not to Involve Relief from Forfeiture.**

    Purchaser's suit to recover ·payments made under a contract containing forfeiture provision alleging an abandonment or breach of the contract because, after purchaser's default, vendor without tendering conveyance had retaken possession of the land, held not to involve question of relief from forfeiture.

Note.—See, Headnotes (1), (2), (3), (5), American Key-Numbered Digest, Vendor and purchaser, Key-Nos. 335, 39 Cyc. 2027; 39 Cyc. 2029; 39 Cyc. 2027, 2029; 39 Cyc. 2025; (4) Contracts, Key-No. 143, 13 C. J. Sec. 693.

On default of purchaser in making payments as forfeiting his rights in contract and money paid, see annotation in L. R. A. 1918B, 545.

Appeal from Circuit Court, Miner County; HON. ALVA E. TAYLOR, Judge.

Suit by Frank N. Taylor against J. P. Martin, wherein defendant filed a cross-complaint. From judgment for defendant and an order denying a new trial, plaintiff appeals. Affirmed.

*Danforth & Seacat,* of Alexandria, and *H. G. Giddings,* of Mitchell, for Appellant.

BURCH, J. On the 10th of February, 1920, plaintiff and defendant entered into a written contract, by the terms of which plaintiff agreed to purchase of defendant 160 acres of land in Miner county and to pay therefor the sum of $22,000 in payments of $4,100 at execution of the contract, $5,900 on March 1, 1921, and $12,000 March 1, 1925. The first payment was made by paying $2,500 in cash and delivering an Elgin automobile valued and accepted by defendant at $1,600. Immediately after making the contract plaintiff went into possession of the land by tenant and continued in possession to March 1, 1921. In February, 1921, plaintiff's renter, Van Pelt, left the premises (the record does not show the reason), and defendant rented the land to one Brenniman and thereby has, since March 1, 1921, been in possession of the premises. It is claimed that this amounted to an abandonment of the contract, and plaintiff sues to recover $4,100 paid on the purchase price. Defendant denies an abandonment or breach of the contract, offers to perform the contract on his part, and by cross-complaint seeks strict foreclosure of the contract. Judgment in strict foreclosure was rendered in favor of defendant, and plaintiff appeals from the judgment and an order denying a new trial.

The position of the parties in reference to the contract depends upon what was done in February, 1921, as bearing upon an abandonment or breach of the contract. Appellant testified that he had a talk with respondent about the middle of February, 1921;

that respondent asked him if he would be able to make the payment due March 1st; that he said he did not know, but would try to get the money; that he asked respondent if he would have to have all the money, and respondent said he needed the money and would have to have about all. Later, the latter part of February, respondent telephoned appellant and asked, "Are you going to be able to raise the money by March 1st?" To which appellant replied: "I don't know; I don't think I can." Respondent then said: "Well, I have got it rented. I am going to rent it to a good man. I don't want to lose it." Appellant testified in regard to his part in the latter conversation:

"I do not remember just what I said, but I said I could not get the money. We never had any talk about it after that."

A provision of the contract gave respondent the option to declare a forfeiture and retain the payment already made if appellant failed to make the payments as provided.

The assignments of error are directed to certain rulings of the court on the admission of evidence whereby respondent was permitted to show that he was ready and willing to convey the land when appellant makes payment, the sufficiency of the evidence to support the findings, and the court's failure to find that appellant is entitled to judgment. They may all be treated together under the single question: What judgment should be rendered under the facts of this case?

Appellant's position is best stated by a quotation from his brief:

"Under the contract in this case on March 1, 1921, the plaintiff (appellant) was required to pay the defendant (respondent) $5,900. At that time the defendant was required to deliver to the plaintiff a warranty deed of the premises and an abstract showing that the defendant held marketable title. Neither party performed and neither party tendered performance, and it is also true that neither party refused performance of the contract. Plaintiff was having difficulty in raising the $5,900, and it may be conceded had not raised the money on March 1, 1921. Had the defendant then made tender and demand for performance, the plaintiff would have been in default. * * * In this state of the facts defendant elected to and did retake possession of the land. Plaintiff apparently acquisced therein by his silence on the subject. The de-

fendant had not placed himself in position to declare a forfeiture or even demand performance by the plaintiff."

[1] Appellant overlooks the fact that the contract does not require respondent to deliver a warranty deed and an abstract to appellant if appellant fails to perform on his part. When appellant failed to pay as agreed, respondent could perform on his part, either by tendering a good and sufficient conveyance, or by taking back the land and retaining the purchase money paid. He could not do both, but the contract gave him the option to choose one or the other. If leasing the land in the spring of 1921 amounted to a re-entry of the land, then respondent re-entered and retained the purchase money, which right was accorded him by appellant's agreement. But it will not be necessary to decide the sufficiency of respondent's acts as a performance of the contract on his part by an election to forfeit, for he is not now insisting upon a forfeiture. If respondent did not perform, then neither party did.

[2] Appellant does not claim to have performed on his part, nor to have tendered performance. He sues for a rescission on the ground that respondent has breached the contract. If the breach consists in failing to tender performance, both are equally at fault. If it is because respondent rented the land, that was not a breach because consistent with the agreement. Taking possession did not place respondent in a position where he could not perform his contract. There was no express refusal to perform and no acts from which a refusal may be implied. Under such circumstances, there is no ground for a rescission of the contract and recovery of the money paid thereon by appellant.

[3-5] It may be contended that there was a mutual abandonment and rescission of the contract, and therefore the obligation to return the purchase money follows as a matter of course. There was no express agreement to rescind and return payments made, and the law cannot imply a contract to do so, in the face of an express provision that under the circumstances here shown the payments shall not be returned but shall be retained by respondent. Courts must enforce lawful contracts. Relief from forfeiture is in no wise involved in this action.

The judgment and order appealed from are affirmed.

CAMPBELL, P. J., and POLLEY, J., concur.

GATES and SHERWOOD, JJ., not sitting.