No. 13,010.

NORTH PARK COAL COMPANY ET AL. *v.* INDUSTRIAL COMMISSION ET AL.

(10 P. [2d] 326)

Decided April 4, 1932.

Mr. FRANK C. WEST, for plaintiffs in error.

Mr. CLARENCE L. IRELAND, Mr. ARTHUR OLSON, Assistant, for defendants in error.

*In Department.*

MR. JUSTICE ALTER delivered the opinion of the court.

TONY Sandos, an employe of the North Park Coal Company, a corporation, sustained personal injuries proximately caused by an accident arising out of and in the course of his employment, for which injuries the Industrial Commission granted him compensation. In an action, thereafter begun in the district court, the supplemental award of the Industrial Commission was affirmed. The North Park Coal Company prosecutes this writ, assigning among other errors, that the supplemental award is not supported by any findings of fact.

The supplemental award of the Industrial Commission, omitting caption and signatures, reads:

"In the above-entitled cause, the Commission having reviewed the entire file, including the testimony taken herein and being now fully advised in the premises, finds:

"The claimant sustained a hernia which arose out of and in the course of his employment as a miner in the employ of the North Park Coal Company. He made his living by hard labor before this accident and was able to perform hard manual labor. He sustained this hernia and since that time has had four operations.

"At the hearing held before the Referee of this Commission on August 5, 1931, Dr. S. D. Van Meter testified that he was still suffering from a ventral hernia and that he was totally disabled for any work requiring heavy lifting.

502

"As this claimant does not seem to have any education and is unable to even speak good English, it seems to us that he is disqualified from earning a living except by manual labor. In his present condition he is unable to perform the same.

"Therefore, it is the judgment of this Commission that the insurance carrier in this case continue to pay compensation during disability.

"And this Commission does hereby retain jurisdiction of this claim until the same is finally and fully closed.

"In witness whereof, the Industrial Commission of Colorado has caused these presents to be duly executed this 17th day of September, A. D. 1931."

█ "It is the duty of the commission to make sufficiently detailed findings of fact so that the courts can determine whether the order or award is supported by the facts." *Prouse v. Industrial Commission,* 69 Colo. 382, 384, 194 Pac. 625; *Crawford v. Industrial Commission,* 71 Colo. 378, 381, 206 Pac. 1073. See also *Hayden Bros. Corp. v. Industrial Commission,* 90 Colo. 503, 10 P. (2d), 325.

From an examination of the entire record herein, we conclude that there is nothing in the instant case which brings it within any exception to the rule announced in the cases cited above. The supplemental award fails to comply with the ruling in the Prouse and Crawford cases, supra.

The judgment is accordingly reversed and the cause remanded to the district court with directions to send it to the Industrial Commission of Colorado for compliance with the law.

Mr. Chief Justice Adams and Mr. Justice Campbell concur.