No. 13,025.

Hayden Brothers Coal Corporation et al. *v.* Industrial Commission et al.

(10 P. [2d] 325)

Decided April 4, 1932.

Mr. Frank C. West, for plaintiffs in error.

Mr. Clarence L. Ireland, Attorney General, Mr. Arthur L. Olson, Assistant, Mr. Edward V. Dunklee, for defendants in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

These parties are hereinafter referred to as the coal company, the insurance company, the commission, and Uzenski, respectively.

This is a suit to review a judgment of the district court affirming a supplemental award of additional compensation made by the commission on a review held by it on its own motion.

Uzenski was employed by the coal company for which the insurance company was insurer. He was injured May 28, 1928, in an accident arising out of and in the course of his employment. He filed his claim with the commission for compensation and an award was made in his favor, by a referee, August 6, 1929. Therein it was determined that his temporary disability ended June 1, 1929, leaving him with a permanent disability of a 55 per cent loss of the use of his arm at the elbow. That award was acquiesced in and compensation paid in full accordingly. Thereafter the commission directed a further examination of Uzenski and, January 24, 1931, made a supplemental award finding no showing of error or mistake in the original and no change in condition. Two months later it ordered a further hearing and by supplemental award of June 11, 1931, reaffirmed the finding of August 6, 1929. About two weeks later Uzenski, for the first time appearing by his present counsel Edward V. Dunklee, applied for a review thereof. On this application no action seems to have been taken, but on July 10, following, the commission ordered further testimony "to determine whether there has been error, mistake or change in condition." Such hearing was held July 15, 1931, and on September 4, following, the final supplemental award was entered. It reads as follows:

"In the above entitled cause, the Commission having reviewed the entire file, including the further testimony taken herein, and being now fully advised in the premises, finds:

"That the claimant sustained an accident arising out of and in the course of his employment May 28, 1928, and left work upon that date. His temporary disability terminated June 1, 1929 and the claimant has sustained a loss of use of the left arm measured at the elbow, and that the claimant has heretofore been awarded a 55% loss of use of that arm, and that he is entitled to additional compensation for a further loss of 17% over and above the amount heretofore awarded.

"It is therefore, ordered: That the respondents above named, pay further compensation to the claimant at $11.11½ per week for a period of 23.63 weeks, in full settlement of the claim for compensation benefits filed herein."

An application for review was denied by the commission and the final supplemental award affirmed September 24, 1931. Thereupon the corporations brought this action in the district court and to review a judgment against them they prosecute this writ.

The sole authority for the entry of the supplemental award here under consideration is section 4484, p. 1257, C. L. 1921, which reads: "Upon its own motion on the ground of error, mistake or change in conditions, the commission may at any time after notice of hearing to the parties interested, review any award and on such review, may make an award ending, diminishing, maintaining or increasing the compensation previously awarded, * * * and shall state its conclusions of facts and rulings of law, * * *."

One of the statutory grounds on which the court may set aside an award is: "That the findings of fact by the commission do not support the order or award." §4477 (c) p. 1257, C. L. 1921.

If no findings of fact are made by the commission it is absolutely impossible for the court to say whether the award is supported by the findings or whether there is any evidence to support the findings. "It is the duty of the commission to make sufficiently detailed findings of fact so that the courts can determine whether the order or award is supported by the facts." *Prouse v. Industrial Commission,* 69 Colo. 382, 194 Pac. 625.

The most casual examination of the foregoing completely demonstrates the utter absence of any indication by the commission of the ground upon which it increased the compensation. Without that information it is impossible for anyone to determine whether there was or was not evidence to support the action. Beyond question this

final supplemental award contains no conclusion of fact or ruling of law to support it.

The judgment of the district court is accordingly reversed and the cause remanded with directions to set aside the final supplemental award and remand the cause to the commission with instructions to further proceed, if at all, in harmony herewith.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HILLIARD concur.