No. 13,013.

DURAS v. INDUSTRIAL COMMISSION ET AL.
(11 P. [2d] 213)

Decided April 25, 1932.

Mr. FRED S. CALDWELL, for plaintiff in error.

Mr. CLARENCE L. IRELAND, Attorney General, Mr. ARTHUR L. OLSON, Assistant, Mr. EDWARD L. WOOD, for defendants in error.

*In Department.*

Mr. Justice Alter delivered the opinion of the court.

John Duras, an employe of the Manhattan Restaurant Company, claimed that on December 26, 1930, he was injured while passing from one room to another at his employer's place of business. He continued, excepting a few days, in his employment until January 21, 1931, when, he says, he was obliged to discontinue his work because of pain resulting from his injury. On March 30, 1931, he filed his notice and claim for compensation, and the referee of the Industrial Commission, on May 1, 1931, made his findings of facts and order, on a prepared form, the followiing being the pertinent part thereof:

"The facts established herein are as follows:

The Claimant was injured December 26, *1931*.

Quit work January 11, 1931.

The injury was.........................

Temporary disability due to injury ended February 15, 1931.

The permanent disability consists of None due to injury.

Average weekly wages were $28.00.

"Ordered, That the Respondents pay compensation to the Claimant at $14.00 per week from January 22, 1931, to Feb. 14, 1931, inclusive, as compensation for temporary disability, and no weeks thereafter as compensation for permanent disability, plus payment of medical expenses incurred within four months following the injury but not to exceed $500.00 in value."

The Industrial Commission thereafter, on August 13, 1931, made and entered a supplemental award herein, the pertinent parts of which are:

"In the above-entitled cause, the Commission having reviewed all of the records and files herein and particularly the evidence taken July 7, 1931, and the physicians'

reports filed herein July 17, 1931, and being now fully advised in the premises,

"It is hereby ordered: That the Referee's Findings of Facts and Order dated May 1, 1931, be, and the same is hereby, adopted, affirmed and approved as the Final Award of this Commission."

The Industrial Commission thereafter, on August 26, 1931, upon claimant's application for review, made and entered its supplemental and final award, the pertinent parts of which are:

"In the above-entitled cause, the Commission having reviewed all of the records and files herein, and more particularly the Award of this Commission, dated August 13, 1931, as prayed by the claimant's petition for review, filed August 22, 1931, and being now fully advised in the premises, find:

"That the Award of this Commission, dated August 13, 1931, is correct and should be affirmed as the final Award of this Commission herein.

"It is, therefore, ordered that the Award of this Commission, dated August 13, 1931, be and the same hereby is affirmed as the final Award of this Commission herein."

Claimant thereupon filed an action in the district court to vacate the supplemental award of the commission, upon the trial of which action, judgment was rendered in favor of the commission. Claimant thereupon prosecutes this writ assigning as error that the trial court improperly approved, sustained and affirmed the supplemental award of the commission which was based upon insufficient findings of fact made by the referee before whom the cause was heard.

■ Whether the claimant was an employe under the provisions of Workmen's Compensation; whether he accidentally sustained personal injuries arising out of and in the course of his employment; what the accidental personal injury was, and other similar and equally important questions, are left undetermined by the referee's

findings of fact; and the awards of the commission are likewise silent. Here, neither the findings of fact of the referee nor the awards of the commission are sufficient. We have held that "It is the duty of the commission to make sufficiently detailed findings of fact so that the courts can determine whether the order or award is supported by the facts." *Prouse v. Industrial Commission,* 69 Colo. 382, 194 Pac. 625; *North Park Coal Co. v. Industrial Commission,* 90 Colo. 500, 10 P. (2d) 326; *Hayden Bros. Corp. v. Industrial Commission et al.,* 90 Colo. 503, 10 P. (2d) 325.

The judgment of the district court is reversed and the cause remanded with directions to set aside its judgment herein, and remand this cause to the Industrial Commission of Colorado for such action, including the taking of testimony herein, if necessary, to comply with the law herein.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE CAMPBELL concur.