## No. 13,973.

NATIONAL LUMBER AND CREOSOTING COMPANY ET AL. *v.*
KELLY ET AL.

(63 P. [2d] 456)

Decided December 14, 1936.

Mr. EDWARD L. WOOD, Mr. NORMAN W. BAKER, for plaintiffs in error.

Mr. SAMUEL D. MENIN, Mr. BYRON G. ROGERS, Attorney General, Mr. LOUIS SCHIFF, Assistant, for defendants in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THIS is a Workmen's Compensation case, in which Joseph A. Kelly, while in the course of his employment October 10, 1928, was injured by the runaway of a team of horses, the injuries consisting of a skull fracture and minor bruises. The accident occurred at Pagosa Springs, Colorado. Since this review is directed to the sufficiency in form of a final award dated February 25, 1936, it is unnecessary to detail the history of the claim up to that point, other than to say that Kelly brought suit for malpractice against his own physician who first treated him; that thereafter he employed numerous lawyers and physicians, undergoing physical examinations by the latter, as well as by physicians selected by his employer and its insurance carrier. Neither the assignments of error nor the final award require a review of the evidence for a determination of the question as to whether such evidence is sufficient to support the award, and this discussion will be confined to the question of the sufficiency of its form, the substance of the errors assigned being to the effect that the award as made contains no specific findings or reasons constituting a proper basis for its rendition. Plaintiffs in error petitioned the commission for a rehearing in apt time after the entry of the award. Then followed the usual course of review by the district court which affirmed the award of the commission, and this writ of error is prosecuted to reverse the judgment entered thereon.

January 19, 1931, the commission made a supplemental award, the pertinent part of which is as follows: "* * * Claimant's temporary disability terminated November 1, 1930. His age is 51 years; his expectancy, 20.2 years. He is permanently disabled to the extent of 25% as a working unit. * * *."

Eliminating a long history leading up to and following this supplemental award, it is sufficient to say

that upon request of claimant, made by a new attorney and to a changed membership of the commission, the latter, after a hearing and on February 25, 1936, made the supplemental award of which complaint is here made, the pertinent part being as follows: "* * * The commission now finds that its order of January 19, 1931, was erroneous in that claimant *was* and now is permanently and totally disabled. * * *." Thereupon it was ordered "that respondents resume the payment of compensation to the * * * claimant at the rate of $47.54 per month and continue * * * so long as claimant shall live or until further order of this commission." At the hearings preceding this supplemental award, the claimant on cross-examination testified that his condition was about the same as it was in December of 1930. The medical testimony at these hearings on the question of whether claimant's condition was worse or had improved is in conflict. Much of it was given without disclosing any knowledge of the intervening treatments and conduct of the claimant or his attitude toward treatments. The award of the commission which followed, since it changed and increased the former award, should have contained specific findings, based upon the testimony, as to a changed condition, if such was found, as well as specific findings as to error in the former findings. Because the award does not contain such specific findings, it is attacked for insufficiency, the attack being based upon numerous decisions of this court which have clearly stated that it is the duty of the commission to make sufficiently detailed findings of fact so that the courts may determine whether the order or award is supported by the facts. *North Park Coal Co. v. Industrial Com.*, 90 Colo. 500, 10 P. (2d) 326; *Hayden Bros. Coal Corp. v. Industrial Com.*, 90 Colo. 503, 10 P. (2d) 325; *Duras v. Industrial Com.*, 90 Colo. 565, 11 P. (2d) 213; *Sherratt v. Rocky Mountain Fuel Co.*, 94 Colo. 269, 30 P. (2d) 270, and *Rocky Mountain Fuel Co. v. Sherratt*, 96 Colo. 463, 45 P. (2d) 643, in which this court said: "Reasons for

findings are mandatory." The latter case further amplifies this requirement in the following language: "That statement applies to errors as well as changed conditions, and to it we now add that mere 'change of mind' with no statement of sufficient reasons therefor, is no compliance with the law."

Without receiving any testimony concerning claimant's condition prior to and leading up to the award of January 19, 1931, the commission found merely that the prior award was erroneous and that claimant *was* and now is permanently and totally disabled. We have no way of knowing what was taken into consideration by the commission in arriving at this finding. If it be said that the award is based upon a changed condition, then, as we have stated on a former occasion, courts should not be left paralyzed by being confronted with a finding of the commission without a statement of the changed conditions inducing the final holding. It is the function and province of courts, on review, to determine whether the findings are supported by the evidence. In this case, after a careful examination of the entire record, we are not prepared to say that the evidence supports the finding of which complaint is here made, and therefore it is with less reluctance that we hold that the award as made is insufficient and does not comply with the law. There being no evidence whatever concerning error in the prior award, or any finding pointing out the possibility of such error, it is apparent that plaintiffs in error, affected by an increased award, had no way of anticipating it; that they were surprised thereby and were entitled to the rehearing for which they petitioned in due time. We are at a loss to understand why the commission, faced with the unchanging positive pronouncement of this court that reasons for findings of the commission are mandatory, so frequently closes its deliberations with awards, which upon their face the commission itself upon due consideration would not justify, much less the courts.

The judgment is reversed and the cause remanded to

the district court with directions that it send the case back to the commission, instructing it to reopen the case and receive such competent testimony as may be offered upon which it shall make such award, if any, as it may feel the evidence warrants, and to be so specified in the findings and award.

MR. JUSTICE BURKE, sitting for MR. CHIEF JUSTICE CAMPBELL, and MR. JUSTICE HILLIARD concur.