No. 14,239.

NATIONAL LUMBER AND CREOSOTING COMPANY ET AL. *v.* KELLY ET AL.

(75 P. [2d] 144)

Decided December 27, 1937.   Rehearing denied January 17, 1938.

536

Mr. Edward L. Wood, Mr. Pierpont Fuller, Jr., Mr. Norman W. Baker, for plaintiffs in error.

Mr. Samuel D. Menin, Mr. Byron G. Rogers, Attorney General, Mr. Louis Schiff, Assistant, for defendants in error.

*In Department.*

Mr. Justice Bakke delivered the opinion of the court.

This is a workmen's compensation case, which was before us on a previous occasion. The former opinion is reported in 99 Colo. 442, 63 P. (2d) 457, and the concluding paragraph reads as follows: "The judgment is reversed and the cause remanded to the district court with directions that it send the case back to the commission, instructing it to reopen the case and receive such competent testimony as may be offered upon which it shall make such award, if any, as it may feel the evidence warrants, and to be so specified in the findings and award." In compliance with the above instructions, the case was reopened, competent testimony was received, findings were made and compensation for total disability awarded. The findings and award were approved by the district court, and it is to review that judgment that the case is again before us.

The former record recites that the claimant was injured in a runaway accident, resulting in a severe fracture of the skull which subsequently necessitated the removal of a part of it, leaving an opening therein one-half inch wide and three-fourths of an inch long. The commission found that the physical and mental reactions attendant upon the skull fracture totally disabled the claimant, and fixed the award accordingly.

Plaintiffs in error acknowledge that in the final award of the commission of June 25, 1937, findings were made upon the issues before it, but they are now contending that the findings are not supported by the evidence.

Eleven assignments of error are made, only four of which we deem it necessary to consider in disposing of this matter: (1) That the commission abused its discretion in not compelling the claimant at this time to submit to a further test for syphilis by an analysis of his spinal fluid, as requested and demanded by plaintiffs in error, and their physicians; (2) that the commission erred in not finding that part of the claimant's disability was due to his failure to submit to prompt operative treatment following his injury; (3) that the findings of the commission do not support the award, in that "fear and anxiety" do not constitute a lawful or proper basis for an award of compensation; (4) that the commission did not make any specific findings, or give specific reasons for its change of mind in increasing claimant's disability from 25 per cent to total disability.

1. We are of the opinion that the commission did not abuse its discretion in refusing to compel the claimant to submit to further spinal tests to determine the presence of neuro-syphilis, in accordance with section 360, chapter 97, volume 3, '35 C. S. A. (§4455 C. L. 1921), which reads in part as follows: "* * * * If any employee shall persist in any unsanitary or injurious practice which tends to imperil or retard his recovery or shall refuse to submit to such medical or surgical treatment as is reasonably essential to promote his re-

covery, the commission may, *in its discretion* reduce or suspend the compensation of any such injured employee. * * * *.'' (Italics are mine.) It will be noted that this statute specifically gives the commission discretion in matters of this kind, and those seeking to attack the result must show that it abused its discretion.

It may be true that claimant had syphilis prior to his injury in October, 1928, but since that time he has had treatment for that disease at the Mayo Clinic. Part of the medical testimony on this issue was as follows: ''I do not believe that syphilis is a factor in the disability. When I examined the claimant in February, 1929, I found the Wassermann test to be negative on the blood and spinal fluid. In my opinion the presence of active syphilis is precluded by the negative reaction of these tests. * * *.'' Further: ''I didn't re-examine the spinal fluid, in view of the fact that I read several tests of the spinal fluid, the cell count, the colloidal gold chloride, Wassermann test, and the globin test, and all of those were normal, so I feel quite sure that the brain is healthy, so far as a question of syphilis is concerned.'' Further: ''* * * * the spinal fluid was normal to every test, not only the Wassermann test, but several other tests.'' The above is part of the testimony of one of the medical experts called by the plaintiffs in error. It is fortified by the testimony of other competent medical experts. To say that the commission abused its discretion in not compelling the claimant to submit to further spinal tests for syphilis in the face of this testimony, is to say that the commission had no discretion.

The commission's finding on this phase of the case is as follows: ''There is ample evidence that there is in this case no clinical evidence of syphilis.'' Plaintiffs in error complain that this is not a finding that there was no syphilis, and particularly that this was no finding of neuro-syphilis. None of the medical testimony stated positively that the claimant's condition, or a major part thereof, was due to a previous syphilitic condition.

■ ■ 2. There may have been a relationship between the delay in the operative treatment of the claimant's head injury and his subsequent total disability, but under the circumstances in this case it may not be held against the claimant, because he acted on the advice of his physician. Even as to that relationship, there was a conflict in the testimony, and we see no occasion to disturb the commission's finding that the delay in operative treatment of claimant's head injury did not contribute to his present total disability.

■ 3. To nullify the commission's right to take into consideration claimant's fear and anxiety as a proper basis of award of compensation is to deny claimant's right to establish the existence of a very real injury. Fear and anxiety constitute as great an influence on human behavior and health as is known to either psychology or medicine, and in this case was not merely a subjective mental symptom. To hold that the claimant's mental attitude is not directly affected by the hole in his head, would be to deny something which is common knowledge. Pain, excitement and shock have been considered in these cases. 71 C. J. 634. Plaintiffs in error cite no case holding that fear and anxiety may not be considered, hence we may assume that there are none. There was no error in the commission's finding in this regard.

■ 4. It is obvious that the commission's award in 1930 was based upon the claimant's condition at that time, when the commission properly found upon competent testimony, not disputed by the plaintiffs in error here, that the claimant was only partially and temporarily disabled, and apparently there was hope that such temporary disability would vanish. But subsequent years proved that claimant's condition grew progressively worse, until at the final hearing in June, 1936, the commission again found, upon competent evidence, that he then was totally disabled. The findings of the commission take up practically three pages of single-spaced,

typewritten material, and are among the most complete that have come to our attention. Nowhere have we held that all the conclusions of a fact finding body must be recorded or that they must recite all of the evidence upon which the findings or conclusions are based. The findings here, in compliance with the instructions of this court are complete and comprehensive. 99 Colo. 442, 63 P. (2d) 457.

It may be noted in passing that the claimant is approaching the age of threescore years. It has been nine years since he was injured. Some of his difficulties may be directly attributable to himself, others to his advisors, but litigation must end some time, and, after considering the carefully prepared opinion of the trial court, we are not disposed to disturb its judgment.

Let the judgment be affirmed.

Mr. Chief Justice Burke, Mr. Justice Hilliard and Mr. Justice Holland concur.