No. 15,452.

Resler Truck Line *v.* Industrial Commission et al.

(156 P. [2d] 132)

Decided February 5, 1945.   Rehearing denied February 26, 1945.

Mr. Samuel Chutkow, Mr. Noah A. Atler, Mr. Marion F. Jones, for plaintiff in error.

Mr. Gail L. Ireland, Attorney General, Mr. H. Lawrence Hinkley, Deputy, Mr. St. George Gordon, Assistant, Mr. Arthur A. Brooks, Jr., for defendants in error.

*En Banc.*

Mr. Justice Hilliard delivered the opinion of the court.

A proceeding under the Workmen's Compensation Act. In manner presently to be stated, the Industrial Commission found and awarded in favor of claimant.

There was appropriate challenge by an action in the district court, but the finding and award of the commission were there affirmed.

Plaintiff in error contends that findings of the commission which are essential to claimant's recovery, are indefinite and lacking in required certainty. We are persuaded to that view. Since the commission approved and adopted the language of the referee, we quote from that official's order, some words of which we italicize, as follows:

"The Referee finds from the medical testimony that claimant is suffering from an infectious polyarthritis, involving the spine, knees and right shoulder, which is *probably* attributable to some focus of infection, but which was aggravated by the incident of May 1, 1942.

"The Referee further finds that claimant will *probably* be temporarily and totally disabled for a period of one year from the date of his injury, and that he will *probably* have sustained some permanent disability, which from its nature will *probably* be estimated on a working unit basis.

\* \* \*

"The Referee, therefore, is *forced to conclude* from the medical evidence that claimant is now suffering from a condition aggravated by an accident, arising out of and within the course of his employment, and that he is accordingly entitled to compensation benefits."

The findings are of uncertain quality, as is evident. For the most part, they are predicated on "probabilities," based whereon the referee was "forced to conclude," etc. In many instances, and in varying language, we have indicated the insufficiency of findings similarly couched. *North Park Coal Co. v. Industrial Com.,* 90 Colo. 500, 10 P. (2d) 326; *Hayden Brothers Coal Corp. v. Industrial Com.,* 90 Colo. 503, 10 P. (2d) 325; *Crawford v. Industrial Com.,* 71 Colo. 378, 206 Pac. 1073; *John Thompson Grocery Stores Co. v. Industrial Com.,*

85 Colo. 576, 277 Pac. 789; *Weaver v. Industrial Com.,* 69 Colo. 507, 194 Pac. 941. Giving attention to the same point, the Supreme Court of South Dakota disposed of it in the following manner: "The same reason which binds this court to accept the findings of the board of arbitrators and of the industrial commissioner, where there is any substantial, credible evidence tending to establish the findings, requires said board and commissioner, who sit not only as judge but as jury, to positively find those facts which are necessary to be found in order fo make applicable the Workmen's Compensation Law." *Mellquist v. Dakota Printing Co.,* 51 S.D. 539, 213 N.W. 947. "Awards for compensation in proceedings under the workmen's compensation law are not to be based upon possibilities or probabilities." Paragraph 1, syllabus, *Saxton v. Sinclair Refining Co.,* 125 Neb. 468, 250 N.W. 655.

Considering that the record is replete with uncertainties, the qualified findings of the referee are not void of consistency. Were we authorized to make fact findings, "not so," as our distinguished late Chief Justice Denison was wont to say, we would not be less perplexed than evidently was the commission. The embarrassment attending, arises from the rule that the commission must make definite findings. Even the privilege that juries enjoy to "disagree," is not available to a distraught commission.

Since our expressed conclusion requires an order of reversal, we do not pause to discuss other designated points. Our over-all appraisement is that the commission should reopen the inquiry generally, and accord the parties full opportunity to present further evidence as advised, and in the light thereof and the record already made, make proper findings and determination anew.

To the end indicated, let the judgment be reversed.