## No. 15,772.

OHIO CASUALTY INSURANCE COMPANY ET AL. *v.* INDUSTRIAL COMMISSION ET AL.

(173 P. [2d] 888)

Decided October 21, 1946.

Messrs. WOLVINGTON & WORMWOOD, for plaintiffs in error.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, BARBARA LEE, Assistant, for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THIS is a workmen's compensation case. Plaintiffs in error are hereinafter referred to as the Insurance Company and the Laundry Company, respectively. The former carried the industrial insurance of the latter. Defendants in error are referred to as the Commission and Durando, respectively. Durando was employed by the Laundry Company as a driver. Alleging an injury in an accident arising out of and in the course of that employment he filed his claim with the Commission. It was heard by a referee who awarded him compensation "at the rate of $14.00 per week from January 30, 1946, and continue to pay compensation at that same rate during temporary disability." Further "that the

respondents (plaintiffs in error) pay for the necessary medical, surgical and hospital expense incurred as a result of said accident within four months from the date thereof and not to exceed $500 in value." Such proceedings were thereafter had that this became the final award of the Commission and the final judgment of the district court. To review that judgment the companies prosecute this writ. Their five specifications amount only to two: 1. That the award of the Commission is not supported by its findings; 2. That the findings are not supported by the evidence.

1. The questioned findings are:

"On January 18, 1946 claimant suffered an accident arising out of and in the course of his employment in which he suffered an injury to his back."

"Claimant has had several claims filed with the Commission and has had a back injury due to an accident, as he claims, previously; * * *."

"The referee further finds from the evidence that the doctors are unable to say at this time how much of claimant's disability is due to the former accident, in fact, they are unable at this time to determine whether his accident of January 18, 1946 is a new accident consisting of a new injury, or whether it aggravated an old injury. He has not reached his maximum improvement. Claimant has not returned to work on account of the accident."

██ The burden was on Durando to establish the facts supporting his claim. If he did this the Commission should find for him, if he failed, it should find against him. We have held that it is "the duty of the Commission to make *specific* findings of fact as the foundation of its award, that this court may determine the validity of the award itself therefrom." *Crawford v. Industrial Commission,* 71 Colo. 378, 206 Pac. 1073.

██ There is no finding that any particular portion of Durando's disability arose from the accident of January 18. The indication is that a portion of the disability

arose therefrom and a portion of it from the prior accident, but no finding of the Commission advises us of the allocation. We are told that the doctors were unable to make such a distinction and yet the Commission clearly assesses the total to the companies. We are forced to the conclusion that the findings do not comply with the rule repeatedly laid down by this court and are not sufficiently specific to support the award. *Metros v. Denver Coney Island,* 110 Colo. 40, 129 P. (2d) 911; *Resler Truck Line v. Industrial Commission,* 113 Colo. 287, 156 P. (2d) 132.

2. Until we are advised specifically of the findings of the Commission it would be premature for us to determine whether the evidence supported those findings.

The judgment is accordingly reversed with directions to the trial court to remand the cause to the Industrial Commission for further proceedings in harmony herewith.

MR. JUSTICE HILLIARD, MR. JUSTICE JACKSON and MR. JUSTICE BAKKE concur.