No. 18,712.

C. D. HAYS *v.* INDUSTRIAL COMMISSION
OF COLORADO, ET AL.
(333 P. [2d] 617)

Decided December 22, 1958.   Rehearing denied January 19, 1959.

Messrs. RYAN, SAYRE & MARTIN, for plaintiff in error.

Mr. HAROLD CLARKE THOMPSON, Mr. LOUIS SCHIFF, Mr.
ALIOUS ROCKETT, Mr. FRED BODEN DUDLEY, for defendants

in error State Compensation Insurance Fund and Mead & Mount Construction Company.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. PETER L. DYE, Assistant, for defendant in error Industrial Commission of Colorado.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THIS is a compensation case. We will refer to the plaintiff in error as claimant and to the defendants in error as respondents.

It is not disputed that claimant's injuries are compensable. He sustained an injury to the lower back in the course of his employment in April 1955, and for more than a year had been claiming total disability. In August 1956 a hearing was had to determine whether claimant's refusal to undergo corrective surgery was based on reasonable grounds. Three physicians submitted reports recommending the operation and testified it would reduce his disability to about 10% as a working unit. The doctors gave statistics that in surgical treatment of injuries of this kind, as high as 85% were successful, and the lowest figure given by one of the physicians was that it is successful in not less than 50% of the cases. Here the claimant testified that he could not work at the present time and hadn't been able to do so in over a year; that he couldn't lift anything. He stated that he feared an operation. The only reason he could give for refusal to submit to corrective treatment was that he had talked to some patients in one of the doctor's office who had undergone more than one operation and were still going to the doctor. He said as long as he could "drag around under his own power" he would not be operated upon. He admits that he did not know the nature of the injuries of the patients to whom he talked,

the extent of their disabilities or whether they were in the category in which the surgery recommended in his case would or could result in a correction of their condition. One of such patients had been in an automobile accident, and claimant didn't know what type of back injury he sustained.

The doctors testified that without the corrective surgery recommended claimant would not improve and that his maximum improvement had been reached approximately a year before. In his unrelieved condition he was rated as being 85% to 100% disabled as a working unit.

The order of the referee adopted by the Commission states:

"Respondents admit that claimant suffered a compensable ruptured intervertebral disc in an accident arising out of and in the course of his employment on April 18, 1955, and that he left work on account thereof immediately. Claimant contends, and the Referee so finds, that claimant has not been able to return to work since his injury. Laminectomy is indicated and offered to claimant, which he declines to accept and undergo, even though such surgery would reduce his present total disability to 10% as a working unit. Without corrective surgery claimant attained his maximum improvement on July 1, 1955. Claimant offered no adequate excuse for his refusal to permit surgery and, accordingly, he must be penalized by compensating him on the basis of the amount of disability which might remain had corrective surgery been permitted, to-wit: 10% as a working unit. * * * "

Claimant sought and obtained from the district court a review of the proceedings before the Industrial Commission which resulted in a judgment affirming the Commission. He is here by writ of error seeking to reverse the trial court judgment and the determination of the Commission.

■ A complete answer to the correctness of the trial court in affirming the Industrial Commission in this case

may be found in *Overton v. Denver,* 106 Colo. 114, 102 P. (2d) 474. In that case in refusing to nullify the discretion specifically lodged in the Commission by our statute, C.R.S. '53, 81-12-12, this court said:

" \* \* \* Under our statute and practice, however, we must hold that the reasonableness of claimant's refusal to submit to operative treatment is a *question of fact to be determined by the commission,* as we are already committed to this doctrine. *National L. & C. Co. v. Kelly,* 101 Colo. 535, 75 P. (2d) 144; *Stahura v. Industrial Com.,* 103 Colo. 451, 86 P. (2d) 1080." (Emphasis supplied.)

██ Such being the case, the decision of the Commission, in the absence of a showing of an abuse of discretion, is not subject to revision by the courts, and the decision must be affirmed. The logic of the conclusion reached by the Commission is apparent from the fact that the contemplated surgery is now a very common practice, and the skill of those in the field is readily apparent from the large percentage of successful results. Since the claimant is virtually a total invalid at the present time, it would appear that even if no favorable result was obtained from the recommended surgery, he would be no worse off, since one cannot become more than 100% disabled. There was no suggestion that such operation might result fatally except that no medical expert can or will say that one undergoing major surgery under general anesthetic will survive any more than one in perfect health can be assured when he awakens in the morning that he will be on this earth by nightfall. In this case the risk appears not to be such as to justify this claimant's preference to continue as a complete invalid, and while the option is his to refuse treatment, he may not do so and continue to receive full compensation for the balance of his life.

The judgment is affirmed.

MR. CHIEF JUSTICE HOLLAND dissents.