## No. 10,402.

London Guarantee & Accident Co., et al. *v.* Industrial Commission, et al.

Decided October 2, 1922.   Rehearing denied November 6, 1922.

Proceedings under the workmen's compensation act. Judgment for claimant.

### *Affirmed.*

1.  Workmen's Compensation—*Evidence.*   In workmen's compensation cases, the weight and sufficiency of the evidence are for the determination of the industrial commission.

2.      *Disability—Time Determined.*   There is no provision of the workmen's compensation act which specifies the time at which disability is to be determined, and the industrial commission has authority to fix the disability as of the time physicians for the employer and insurance carrier notify claimant they can do nothing further for him.   This is true, notwithstanding the employe, by undergoing further surgical treatment at his own expense, is able to decrease the extent of his disability below the percentage fixed by the commisison.

3.  Appeal and Error—*Industrial Commission Findings and Award.*   Record in a workmen's compensation case reviewed, and the contention that the findings of fact by the industrial commission do not support the award, overruled.

*Error to the District Court of the City and County of Denver, Hon. Warren A. Haggott, Judge.*

Mr. William E. Hutton, Mr. Bruce B. McCay, for plaintiffs in error.

Mr. Victor E. Keyes, attorney general, Mr. John S. Fine, assistant, for defendants in error.

*En banc.*

Mr. Justice Campbell delivered the opinion of the court.

The employer and insurance carrier are here asking a review of a judgment of the district court of the City and County of Denver, affirming the findings and award of compensation made by the State Industrial Commission to F. L. Richardson, under the Workmen's Compensation Act. There is no serious conflict in the evidence, and, if there was, its weight and sufficiency are determined for the courts by the commission. Both the employer and employe were subject to the provisions of the statute. Richardson was seriously injured August 8, 1919. A voluntary agreement, which the commission approved, was entered into between the insurance carrier, one of the plaintiffs in error, with the claimant on September 19, 1919, for the payment of $10.00 per week, running for a period of ninety-two weeks. The case was then set down for hearing to determine whether the claimant was entitled to any further compensation, and the extent of his permanent disability, if any. It seems that there were several hearings. At the one held by the referee May 23, 1921, the finding was that, as a permanent result of the accident, the claimant had sustained a 33⅓% loss of the use of his left leg, and that the permanent disability thereby occasioned would have been, and was, approximately, 80%, had it not been for two operations performed at the claimant's expense by the Mayo clinic of Rochester, Minnesota, and the compensation was made on that basis. The award also required the employer and insurance carrier, as provided by section 51 of the Act, to pay for such medical, surgical and hospital attention as

the claimant received during the sixty days immediately following his accident, but not to exceed $200 in value. On November 3, 1921, these findings and the award of the referee were approved by the Industrial Commission. Upon a rehearing granted, the commission again, in a supplemental award of December 3, 1921, affirmed and approved the previous award of November 3rd, which affirmed the referee's award of May 23rd. The district court affirmed this award, and the employer and insurance carrier are asking, on this review, to have it set aside.

The questions which the plaintiffs in error, the insurance carrier and the employer, say are involved in this review, using their own language, are:

"1.   Has the Industrial Commission a right under the Compensation Law, by an indirect method, to require the employer or the insurance carrier to pay for medical attention beyond the limits required by the law?

2.   Has the commission a right under the law to require the employer or insurance carrier to pay compensation in excess of the actual disability for an *assumed* disability which the employe might have suffered had he not had certain medical and surgical attention but which he did not in fact suffer?

3.   Do the findings of fact support the award?"

The first two questions do not accurately state the issues involved. As provided by section 51 of the Act the commission expressly limited the amount of the award for medical attention given during the sixty days following the accident, and not to exceed $200 in value.

It is not a correct statement to say that the commission awarded compensation for an assumed disability. There is no provision of the Compensation Act which specifies the time at which disability is to be ascertained. We have examined the evidence, not for the purpose of passing upon its weight or sufficiency but as throwing light upon the findings of the commission, and are satisfied they are not only supported by the evidence but that the findings sustain the award. It plainly appears that the claimant, at

the end of the sixty days following the accident, was told by the attending physicians furnished by the employer, or the insurance carrier, that they could do nothing further for him. Being thus left to shift for himself, he went to the Mayo clinic in Rochester, Minnesota, and underwent two serious and unusual operations, the result of which was an improvement in his condition. His health was not restored, nor did he regain his normal ability to perform manual labor. Upon the final hearing by the Industrial Commission it appeared to that body, and it is so found, that the claimant's disability, at the expiration of the sixty days from the time of the accident, was 80% and would have so continued to be, had not these operations been performed. The commission did find that after the operations were performed the permanent result of his accident was still a 33⅓% loss of the use of his right leg, but, as stated, the commission also found that, had it not been for these operations, the disability would have remained 80%. The award, therefore, for permanent disability was computed upon the basis of an 80% loss of the use of the claimant's leg. None of it was for medical attention, but for a permanent disability actually existing at the time the physicians of plaintffs in error discharged him at the end of the sixty day period. The making of this additional compensation, which may be equal to, or greater than, the amount of the claimant's expenses incurred for the operations at Rochester, is not equivalent to an award by the commission for medical attention in excess of the sum of $200, or for such attention given after the period of sixty days following the accident.

Neither the statement that the Industrial Commission's award for increased permanent disability was an indirect method of paying for medical attention beyond the period of sixty days following the accident, nor that the award compels the employer and insurance carrier to pay for an assumed disability which the claimant did not suffer, is borne out by the findings of fact. Section 110 of the statute authorizes the commission, of its own motion, at

any time, after notice to the parties interested, to review any award previously made, and on such review to make another award diminishing, maintaining or increasing the compensation previously awarded, subject to the maximum and minimum provided in the Act. The commission, therefore, was authorized in this case to increase the award which it first tentatively made, and had the right to fix the permanent disability as of the date when the physicians of the employer and insurance carrier notified claimant that they were unable to do anything further for him. If the theory of the plaintiffs in error was sustained, it would be equivalent to penalizing the claimant for taking measures to protect himself by diminishing his disability to perform labor. Considering the wide discretion which has been vested in the commission, and its power to ascertain facts, its freedom from rules of evidence, more or less technical, which prevail in the court's and in accordance with the spirit and purpose of the act, we are constrained to hold, not only that the findings of fact, taken in their entirety, sustain the award, but that the commission acted humanely, as well as fairly to plaintiffs in error, in reaching its ultimate conclusion. The judgment of the district court, which approved the findings and award, is, therefore, affirmed.