No. 13,425.

Hayden Brothers Coal Corporation et al. *v.* Industrial Commission et. al.

(29 P. [2d] 637)

Decided January 29, 1934.

Mr. Frank C. West, for plaintiffs in error.

Mr. Paul P. Prosser, Attorney General, Mr. M. S. Ginsberg, Assistant, Mr. J. H. Richard, Mr. W. Penn Collins, of counsel, for defendants in error.

*In Department.*

Mr. Justice Holland delivered the opinion of the court.

The parties will be referred to herein as the coal company, the insurance company, the commission and the claimant.

This is an action to review a judgment of the district court in affirming a supplemental award for additional compensation made by the commission upon a review had on its own motion. It will be unnecessary to state all the

facts leading up to this supplemental award, as the case, on an earlier award, was before this court in *Hayden Bros. Corp. v. Industrial Com.*, 90 Colo. 503, 10 P. (2d) 325, decided April 4, 1932. At that time, this court directed the lower court to set aside the final supplemental award for the reason that the commission failed to make a sufficient finding in that it did not state its conclusions of fact and rulings of law.

Pursuant to this mandate, the cause was remanded to the commission for further proceedings, if necessary, and the commission, on May 4, 1932, entered its further supplemental award vacating, cancelling and annulling the additional and supplemental award of September 4, 1931, and affirmed and made final, the award of the commission dated June 11, 1931.

On July 26, 1933, on its own motion, the commission ordered a further hearing in this matter to be held on August 9, 1933, to determine whether there had been error, mistake or change in condition. Upon the hearing, the commission made and entered its supplemental award as of August 26, 1933, and in making said supplemental award, stated its conclusions in the following language:

"The Commission further finds that the claimant's permanent disability has become progressively worse since June 11, 1931.

"The Commission further finds that this increasing disability constitutes a change in condition and that the permanent disability sustained by this claimant is equivalent to 75% loss of use of the left arm measured at the elbow joint.

"It is, therefore, ordered that the respondents above-named pay further compensation to the claimant for a period of 104.25 weeks at $11.11½ per week, for and on account of permanent disability equivalent to 75% loss of use of the left arm at the elbow, beginning June 1, 1929, less 76.45 weeks heretofore paid under the award of this Commission, for and on account of a 55% loss of use of the left arm measured at the elbow."

By the above, sufficient findings of fact made by the commission, it is possible for this court to determine whether or not the award is supported by the facts.

It is necessary to examine only the testimony of the witnesses and exhibits admitted at the hearing on August 9, 1933. The witnesses testifying were the claimant, Dr. G. M. Spicer and Dr. Robert G. Packard. The exhibit admitted in evidence was a report made by the Colorado General Hospital.

Upon direct and cross-examination, Dr. Spicer gave lengthy technical testimony and stated that the claimant, as a result of the treatment connected with the injury in its early stages, now had chronic osteomyelitis. The injury occurred May 28, 1928. He expressed an opinion that the claimant had at the present time a permanent disability of the left arm of 100 per cent.

Dr. Packard also gave lengthy technical testimony and stated that the claimant's entire disability was confined to 25 per cent of the left arm at the elbow.

Teofie Uzenski, the claimant, testified that he had been a coal miner for 20 years and that he had never worked since May 28, 1928, the day of the accident; that he had been unable on account of the condition of his arm to do any kind of work since the accident and that the condition of his arm had been getting worse.

The exhibit, being the hospital report, is as follows:

"Uzenski, Teofie, 1412 15th St.

"Admission: 8-23-28.

"Last Visit: 7-26-33.

"Age, 47.

"Diagnosis: Osteomyelitis, left wrist involving distal half of radius.

"Complaint: Infection of left wrist at site of old fracture.

"Main Facts:

"Present Illness Summary: Two and one-half months ago wrist began to swell and pointed on medial and posterior aspect. Patient opened this and it has been drain-

ing ever since. Patient has considerable pain along the course of the radius and humerus.

"Examination: Bloody-purulent discharge expressed from wound. Probe appeared to enter radius.

"Laboratory Reports: 8-25-28. X-ray, left forearm, left foot and ankle: No evidence of injury to bones of left ankle. Left ankle negative. Flat feet. Old fracture of radius 8 cm. above wrist. Lower fragment is displaced anteriorly and medially, some callus present. Fracture of radius united in poor position.

"6-2-33. Left wrist: (X-ray) Extensive (old) osteomyelitic changes combined with slight deformity, involving distal half of radius.

"Wassermann: 8-24-28. Negative O-O.

"Clinical Course: Patient was examined in the Surgery Clinic 6-2-33. Wound was opened and bloody-purulent discharge was expressed. Patient was referred for X-ray. 6-5-33 hospitalization was recommended."

█ The above discloses a conflict in the evidence before the commission. To pass upon the weight of the evidence in this, a workmen's compensation case, is not within our jurisdiction. That is exclusively for the determination of the Industrial Commission. In this disputed evidence, we find competent evidence to support the findings of fact made by the commission and the findings so made are final. This is in accord with many former decisions of this court which are so numerous as to make it unnecessary to cite herein.

The judgment of the lower court was right and is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BURKE concur.