## No. 13,651.

MOFFAT COAL COMPANY ET AL. *v.* PODBELSK ET AL.

(42 P. [2d] 1001)

Decided March 11, 1935.   Rehearing denied April 1, 1935.

Mr. FRANK C. WEST, for plaintiffs in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, Mr. A. E. TOWER, for defendants in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

A PROCEEDING under the Workmen's Compensation Act before the Industrial Commission.   Podbelsk was the claimant; the Moffat Coal Company was the employer; and the Mutual Insurance Company was the insurer.   The claimant prevailed before the commission and in the district court.   The employer and the insurer assign error.

July 13, 1932, claimant was accidentally injured in the course of his employment; July 21, 1932, the employer filed report of the accident; July 25, 1932, the insurer filed notice of contest; September 8, 1932, claimant filed claim for compensation; October 10, 1932, the employer and the insurer admitted liability for compensation at $6.85 per week, to begin July 24, 1932, and during disability, and for such permanent disability as might thereafter be determined to exist; May 10, 1933, a referee of the commission found that claimant's temporary disability terminated that day, and that there had been no permanent disability; June 15, 1933, the commission adopted and confirmed the referee's order as its award; February 3, 1934, claimant filed petition to reopen the case, and February 7, following, the commission ordered that a further hearing be had; May 26, 1934, the commission affirmed its order of June 15, 1933; June 26, 1934, claimant filed a further petition to reopen, supporting it by affidavit of one Peterson and certificate of the employer's doctor; July 2, 1934, the commission ordered further hearing, and September 12, 1934, found "That the claimant's condition has become progressively worse since the award of June 15, 1933, * * * and that the claimant was disabled to an extent equivalent to 35% of permanent total disability," and, effective May 10, 1933, ordered that payment at $6.85 per week be resumed, and continued until $2,518.33, less $10.76 over-payment made on the original award, shall have been paid; September 14, 1934, the employer and the insurer filed petition for review, and on the 20th of the same month the petition was denied, the award of September 12, 1934, being made final; September 26, 1934, the employer and the insurer filed complaint in the district court, seeking reversal of the commission's award, where, December 7, 1934, the award was affirmed; December 31, 1934, writ of error issued.

The contentions are: (1) That the award is not supported by any evidence; (2) that the commission's find-

ings do not warrant its award of September 12, 1934. We discuss them together.

It is argued that since the ground upon which the commission elected to base its modification of the award of June 15, 1933, was that claimant's condition had become progressively worse, not shown, as said, the commission was concluded. The statute provides that for "error, mistake or a change in conditions, the commission may at any time * * * review any award and on such review, may make an award ending, diminishing, maintaining or increasing the compensation previously awarded." C. L. 1921, §4484. The new evidence was to the effect that claimant's injury was more extensive than had appeared from the earlier inquiry, not that his condition had "become worse," as the commission recited. We think, however, that while the commission could have employed more fortunate words, the import of its finding of September 12, 1934, is that from the beginning claimant's condition justified the extended award. The evidence warranted that determination, and the law authorized it. The procedure was apt. *Rocky Mt. Fuel Co. v. Canivez*, 96 Colo. 198, 40 P. (2d) 618.

Let the judgment be affirmed.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE CAMPBELL concur.