No. 13,721.

CONSOLIDATED COAL AND COKE COMPANY ET AL.
*v.* TODOROFF ET AL.
(47 P. [2d] 404)

Decided June 17, 1935.    Rehearing denied July 15, 1935.

Mr. FRANK C. WEST, for plaintiffs in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, Mr. PHILIP ROSSMAN, for defendants in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

A PROCEEDING before the Industrial Commission. Claimant prevailed there and the district court affirmed the order.  The employer and insurer company sue in error.

February 6, 1933, while in the course of employment by the coal company, claimant was accidentally injured, but continued to work until March 2, 1933. March 10, 1933, he filed notice and claim for compensation. Respondents contested the claim, and March 21, 1933, hearing was had before the commission's referee. April 8, 1933, the referee ordered payment of compensation for temporary total disability from March 13, 1933, to March 31, 1933, and made no award for permanent disability. May 15, 1933, claimant petitioned for review of the referee's order, and May 24, 1933, the commission adopted and affirmed the order of the referee. December 15, 1933, the commission, reciting that it had examined the file, ordered that a further hearing be held January 3, 1934. The hearing was held and January 17, 1934, the commission entered the following supplemental award: "That claimant was injured in an accident arising out of and in the course of his employment, February 6, 1933, but did not leave work until March 2, 1933, when he was dismissed because of reduction in force. His injury was to his left shin. His temporary total disability terminated on March 31, 1933, and the commission finds from the evidence that claimant has not sustained any permanent disability as a result of said accident, the condition from which he is now suffering being due to varicose veins, which existed prior to February 6, 1933." March 13, 1934, reciting that claimant's petition to reopen the case had been considered, the commission entered denial thereof. May 15, 1934, the commission ordered further hearing, which was held June 27, July 5 and July 13, 1934. July 24, 1934, the commission ordered that its order of January 17, 1934, be affirmed and approved as its final award. October 6, 1934, the commission ordered that a further hearing be held to determine whether there had been error, mistake, or change in condition. October 24, 1934, hearing was had, and January 9, 1935, the commission entered findings to the effect that by reason of his injury, claimant was temporarily and totally disabled

from March 2, 1933, to December 9, 1933; that the injury aggravated a previous varicose condition suffered by claimant, and that his permanent disability was equivalent to fifty per cent loss of use of the left leg, measured at the ankle; that due to failure "to allow compensation for claimant's extended temporary disability and for permanent disability, due to aggravation of the claimant's pre-existing varicose condition," both the referee and commission had erred in previous awards. On these findings the commission awarded temporary total disability from March 13, 1933, to December 9, 1933 (instead of to March 31, 1933, as in the original award), and, for permanent disability, fifty-two weeks from December 9, 1933. January 22, 1935, respondents filed petition for review which the commission denied January 24, 1935. February 13, 1935, the action of the commission was appropriately challenged in the district court, where, as we have seen, there was affirmance of the commission's award.

Two points are urged: (1) That since, as said, the evidence does not support its findings that temporary disability from March 31, 1933, the limit originally fixed, obtained till December 9, 1933, and permanent disability for fifty-two weeks from December 9, 1933, originally denied, the commission acted without and in excess of its powers; (2) that the findings of the commission do not support its awards.

1. It appears that prior to claimant's injury he had been suffering from varicose veins in the injured leg, but that not until such injury, which seemingly aggravated his condition, was he unable to work. The original temporary award was based on a doctor's report that by relief from work, and treatment meanwhile, claimant's leg should return to its previous condition by April 1, 1933. The temporary award, as already noted, was to be effective from March 13, 1933, to March 31, 1933, conforming in extent to the doctor's report and the statute which provides that where disability lasts more than ten

days from the time the injured employee leaves work, no disability indemnity shall be allowed for the first ten days. C. L. 1931, §4444, subparagraph (b). December 9, 1933, a doctor reported that because of pain induced by the injury claimant was still unable to work, the injury evidently causing an ulceration made worse by varicosities. January 3, 1934, claimant testified that although he had tried to work since the injury, he had been unable to do so. We think the showing warranted the extended temporary disability found by the commission.

In the matter of permanent disability, we think there was sufficient new evidence to justify the commission's modified findings. The additional showing distinguishes the case from *Rocky Mountain Fuel Co. v. Sherratt,* 96 Colo. 463, 45 P. (2d) 643, cited by plaintiffs in error, where without further showing, and at a late time, the commission made a finding contrary to its earlier solemn determination. The award on the permanent disability finding was made pursuant to statute. See Session Laws 1923, p. 742, §12, subparagraph (f), and Session Laws 1929, p. 655, §10, subparagraph (f), both passed in amendment of section 4447, C. L. 1921.

2. The claim that the awards are not supported by the findings we believe to be without merit.

Let the judgment be affirmed.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE CAMPBELL concur.