## No. 13,770.

ROEDER, TRUSTEE *v.* INDUSTRIAL COMMISSION ET AL.
(52 P. [2d] 668)

Decided December 16, 1935.

Mr. TERRELL C. DRINKWATER, Mr. D. C. McGREW, for plaintiff in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, Mr. SAM T. TAYLOR, for defendants in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

A PROCEEDING under the Workmen's Compensation Act (C. L. 1921, §4375 et seq., as amended).

July 22, 1926, as the result of an accident arising out of and in the course of his employment, Pete Stamas, claimant, was injured; July 17, 1928, he was awarded compensation for temporary total disability from the date of the injury to June 13, 1928, and additional compensation thence for seventy-five per cent permanent total disability during expectancy, fixed in the order; October 1, 1933, the concluding payment of the aggregate sum of the award, $4,220.94, was made; November 17, 1933, claimant, alleging change of condition, petitioned the commission to reopen the cause; November 23, 1933, reciting that it had reviewed the file, the commission denied the petition; September 19, 1934, claimant, alleging that he "now is 100 per cent totally and permanently disabled," asked that the cause be reopened for further testimony and award; October 6, 1934, the commission ordered further hearing, and January 29, 1935, testimony was taken; February 21, 1935, the commission

made an award that claimant "is 100% disabled," and ordered resumption of payment of compensation, at the rate and as of the date of the last payment, October 1, 1933; March 11, 1935, the commission affirmed the award of February 21, 1935; March 30, 1935, plaintiff in error filed complaint in the district court to set aside the findings, which was denied June 13, 1935; July 5, 1935, writ of error issued.

Two points are urged for reversal: (1) That the record does not justify the award to resume payment of compensation; (2) that neither in the evidence nor the findings of the commission is there basis for the retroactive part of the award.

■ 1. While the showing as to claimant's condition at the latest hearing was not so clear as to remove all doubt, we are persuaded, nevertheless, that under well established rules the finding of the commission had such record basis as to conclude us.

■ 2. On the retroactive feature of the award, however, we are constrained to hold that the requisite showing is wholly lacking. In support of claimant's petition to reopen, filed September 19, 1934, testimony was given January 29, 1935. Not until then was there testimony justifying the commission in ordering resumption of payment of compensation; and the witnesses there, describing claimant's condition, invariably spoke in the present tense. We find nothing in the record on which to determine claimant's condition between October 1, 1933, when he received the last payment under the original award, and January 29, 1935, the date when further evidence was taken. At least once during that time, as we have seen, the commission declined to reopen the case. In its award of February 21, 1935, the commission, following the lead of the witnesses, limited its finding to what claimant's condition "is." The commission's finding, as we have already determined, is sufficiently based, but the effective date of its award is without support. Fairly, the whole record considered, the new award

should have been as of the date of the showing, January 29, 1935.

Let the judgment be reversed, the trial court to order the commission to amend its award as indicated.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE BOUCK concur.