## No. 15,103.

### WILSON ET AL. *v.* SINCLAIRE ET AL.

(128 P. [2d] 996)

Decided July 6, 1942. Rehearing denied September 14, 1942.

· Mr. Gail L. Ireland, Attorney General, Mr. H. Lawrence Hinkley, Deputy, Mr. Morry M. Sterling, Assistant, Mr. Henry L. Stark, Assistant, Mr. Ben S. Wendelken, Mr. H. T. McGarry, for plaintiffs in error.

Mr. Edward L. Wood, for defendants in error.

En Banc.

Mr. Justice Bock delivered the opinion of the court.

May 2, 1941, a referee of the Industrial Commission found that Gilbert Wilson, claimant, was temporarily totally disabled from July 8, 1938, to May 15, 1940, and entitled to maximum compensation therefor; that he suffered permanent disability, consisting of "seventy-five per cent loss of left leg at hip," for which, in addition to his compensation for temporary total disability for the period stated, he was entitled to the payment of $14.00 a week for a period of 156 weeks on account of permanent partial disability. An order for payment for the necessary medical, surgical and hospital expenses incurred within four months, not to exceed the sum of $500, also was entered. This award was satisfactory to the insurer, but claimant petitioned for a review thereof. Thereupon the referee advised counsel for the insurer that unless it assumed and paid all of the necessary medical, surgical and hospital expenses, which were in excess of $3,000, the commission would make an award

of permanent total disability. Insurer declined to pay more than the statutory $500, whereupon, August 13, 1941, the referee vacated the previous award and entered an award for permanent total disability. September 8, 1941, the referee's orders were affirmed by the commission. The validity of this award was successfully challenged by insurer in the district court, which instructed the commission to vacate the same and either affirm the award of the referee of May 2, 1941, or conduct another hearing. This judgment is here for review.

Counsel for claimant contend that the award of the commission is sustained by our opinion in the case of *London Guarantee & Accident Co. v. Industrial Commission,* 72 Colo. 177, 210 Pac. 70. Insurer's attorney answers that the award of September 8, 1941, providing for compensation by awarding permanent total disability, when no such disability exists, is in conflict with the law as laid down in the case of *John Thompson Grocery Stores Co. v. Industrial Commission,* 85 Colo. 576, 277 Pac. 789, which he asserts is our latest decision on this point.

As a necessary premise, to sustain the award of the commission, we first must ascertain whether there was any evidence to support the finding "that had he [claimant] not obtained treatment at the Mayo clinic or similar treatment elsewhere he would have been permanently and totally disabled." Without detailing the testimony, the evidence, in our opinion, is sufficient to warrant this finding. Claimant's permanent total disability existed before his treatment at the Mayo clinic at Rochester, Minnesota. Prior thereto he had been under treatment by his personal physician at Colorado Springs, Colorado, and after approximately a year in a hospital in that city he was advised that without further treatment he would develop a "flail leg," which would result in total disability. By treatment at Mayo's, through a bone graft, claimant's capacity as a working unit was restored to fifty per cent, where his injury

otherwise would have resulted in one hundred per cent permanent total disability. There is no provision in our Workman's Compensation Act which specifies the time at which disability is to be determined *(London Guarantee & Accident Co. v. Industrial Commission, supra)*; this problem, therefore, is left to the sound discretion of the Industrial Commission. "Where an accident causes injury resulting in permanent partial disability, * * * the injured employee shall be deemed to be permanently disabled from the time he is so declared by the commission * * * ." Section 357, chapter 97, '35 C.S.A. The finding of "permanent total disability," viewed in the light of the circumstances appearing from the record, is based upon, and supported by, competent evidence, and in making the award of which complaint is made, the commission did not, in our opinion, abuse its discretion. *London Guarantee & Accident Co. v. Industrial Commission, supra.*

Is there anything in this holding which is in conflict with our opinion in *John Thompson Grocery Stores Co. v. Industrial Commission, supra?* We think not. The fact that in the instant case it was claimant's own physician instead of the physician of insurer — as in the Thompson case — who gave the original treatment, is not material, at least where, as here, there is no suggestion of negligence, malpractice or lack of skill. This also was the view of the learned trial judge. A clear distinction appears between the Thompson case and the instant proceeding, in that in the former there was no evidence of any permanent total disability of claimant at any time, and therefore the commission had no basis upon which to fix the time of a permanent total disability, where in fact none existed. In the Thompson opinion, referring to the London case, it is stated (p. 582): "We held, inter alia, in the London case, supra, that the commission could not award compensation for an assumed disability, using the word *assumed* in contradistinction to actual." Whenever there is a permanent total disabil-

ity the commission, under section 357, supra, is vested with discretion to determine the time of the same, regardless of the refusal of the insurer to pay all medical, surgical and hospital expenses. This phase, in the circumstances before us, merely is incidental to the exercise of discretion on the part of the commission as to the specific time when it fixes the existence of permanent total disability. The commission's authority to award compensation for permanent total disability is found in section 356, chapter 97, supra. Counsel for insurer contends that the award of compensation covering permanent total disability for life, under the circumstances, is inequitable, to which counsel for claimant replies that, under the proviso in section 357 it is mandatory upon a showing that claimant has undergone a change in his disability status since entry of the award, such as to require the commission to reopen the case, and that the award theretofore made should be modified, terminated or continued, as the evidence may require. Under the record before us, we deem it unnecessary to construe this proviso, but we do say that the course taken by the commission in making an award for permanent total disability, in view of our opinion in the London case, is not inequitable or contrary to the intent of the applicable statutes.

The judgment is reversed, and the case remanded with directions to affirm the commission's award of September 8, 1941.

Mr. Justice Bakke dissents.