No. 15,459.

William E. Russell Coal Company et al. *v.* Zinge et al.

(147 P. [2d] 365)

Decided March 13, 1944. Rehearing denied April 3, 1944.

Messrs. Hawkins & Hawkins, for plaintiffs in error.

Mr. Darwin D. Coit, Mr. Gail L. Ireland, Attorney General, Mr. H. Lawrence Hinkley, Deputy, Mr. St. George Gordon, Assistant, for defendants in error.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

This is a workmen's compensation case. The above named parties are hereinafter referred to as the coal company, the insurance company, Zinge, and the commission, respectively.

Zinge was employed by the coal company whose industrial insurance was carried by the insurance company. He was injured in an accident arising out of and in the course of that employment and filed with the commission a claim for that injury. Following all the necessary statutory steps, a final award was entered in his favor. To modify that award this action was filed in the district court and there tried. The court sustained the commission, and to review the judgment entered accordingly, this writ is prosecuted.

January 17, 1940, Zinge was injured and quit work. Liability for temporary disability was admitted at the maximum statutory rate of $14.00 per week. One month later the attending physician discharged Zinge and he returned to work. One week thereafter he was paid in full for his time off. The admission of liability was "beginning January 28, 1940, and continuing during disability. Also for such permanent disability as may hereafter be determined to exist." When paid, Zinge executed a final receipt which was subject to approval of the commission. That approval was stamped thereon "subject to any future claim for disability as provided by law." Upon his return Zinge worked intermittently until late in May, 1940, when, because of physical inability to continue, his employment terminated. Between that date and January, 1943, he spent seventeen months in a sanitarium. In November, 1942, he first learned that his condition was probably due to the accident. January 28, 1943, he filed with the commission a petition to reopen and for further hearing, whereupon

it was determined, and is here undisputed, that he was totally and permanently disabled and had been so since May 27, 1940, and that such disability was due to said accident. Accordingly he was awarded compensation therefor beginning May 27, 1940, and continuing for his lifetime. So far as that award relates to compensation after February 5, 1943, it is uncontested. The sole question here presented is the validity of the award covering the period from May 27, 1940, to January 29, 1943, when the petition to reopen was filed, or to February 5, following, when the petition was granted.

The governing statute is section 389, chapter 97, '35 C.S.A. (amended by chapter 135, page 423, Laws 1943, not here material) the applicable portion of which reads: "Upon its own motion * * * the commission may * * * review any award and on such review, may make an award ending, diminishing, maintaining or increasing the compensation previously awarded, * * *. *No such review shall affect such award as regards any moneys already paid.*" Said question raises the interpretation and applicability of the italicized language. The coal company says, in effect, that the "moneys already paid" to Zinge were in discharge of all disability due to the accident and discharged all liability to the time when the commission, acting under the above statute, otherwise determined; hence the judgment does affect the award "as regards moneys already paid." Zinge and the commission say the "moneys already paid" were for temporary disability only, whereas the moneys now ordered paid are for permanent disability only; hence the statutory prohibition does not apply. In this we think they are correct.

Had it developed that Zinge's temporary disability had not in fact terminated, but that it returned within a few weeks thereafter and continued for six months, at the end of which time there was a permanent recovery, we doubt not the contention of the companies would have been correct and additional recovery for that six months

barred. Had the admission of liability not contained the words of exclusion, or the commission's approval not exempted future claims provided by law, a serious question would be presented. However, bearing these exclusions in mind and remembering that no question of permanent total disability was considered at the time of said settlement, we doubt not the last award of the commission rests upon the very exigency to cover which the statute was enacted. Otherwise many a settlement made and many an award entered in the utmost good faith would prove a mockery of the very spirit of the act.

Since the first award did not cover total permanent disability and no monies were paid therefor, and the second award did not cover temporary disability and no monies were ordered paid therefor, the review did not affect the first award "as regards any moneys already paid."

Numerous Colorado cases are cited by counsel in support of this judgment. Since in no one of them was the identical question here under consideration presented and decided we dismiss them with the simple observation that they disclose that awards similar to that in the instant case have been repeatedly rendered by the commission and stood uncondemned by the courts. *London Co. v. Industrial Commission,* 72 Colo. 177, 210 Pac. 70; *Employers' Co. v. Industrial Commission,* 83 Colo. 315, 265 Pac. 99; *Hayden Bros. Coal Corp. v. Industrial Commission,* 90 Colo. 503, 10 P. (2d) 325; *London Co. v. Sauer,* 92 Colo. 565, 22 P. (2d) 624; *Reynolds v. Fraker Coal Co.,* 94 Colo. 84, 28 P. (2d) 338; *Hayden Bros. Coal Corp. v. Industrial Commission,* 94 Colo. 211, 29 P. (2d) 637; *Rocky Mt. Fuel Co. v. Canivez,* 96 Colo. 198, 40 P. (2d) 618; *Moffat Coal Co. v. Podbelsk,* 96 Colo. 355, 42 P. (2d) 1001; *Consolidated Coal & Coke Co. v. Todoroff,* 97 Colo. 125, 47 P. (2d) 404; *Roeder v. Industrial Commission,* 98 Colo. 95, 52 P. (2d) 668; *Wilson v. Sinclaire,* 109 Colo. 592, 128 P. (2d) 996.

Although citing numerous other authorities, the companies stand squarely upon the following: 71 C.J., p. 1461, §1441; *Bristol Door Co. v. Hinkle,* 157 Va. 474, 161 S.E. 902. A careful examination of the rule as laid down in the C.J. text, supra, will disclose that, like the Colorado cases above cited, it does not touch the point in question. Thereunder the Hinkle case is cited. We think the latter not in point. It presents a case in which the employee, with full knowledge, delayed for approximately five years his application for a review. The third assignment was based upon his laches and as to that the court states it is "without merit, for manifest reasons." Nevertheless it is very clear that the court proceeds to reverse the judgment on the ground of laches or unreasonable delay. Notwithstanding statements in the opinion which would appear to support the contentions of the companies we can make nothing else of its reasoning.

In our opinion the trial court was correct in holding that the last award of the commission did not affect the first "as regards any moneys already paid."

The judgment is accordingly affirmed.