No. 15,529.

MOFFAT COAL COMPANY ET AL. *v.* GIANKOS ET AL.
(152 P. [2d] 681)

Decided October 16, 1944.

Messrs. HAWKINS & HAWKINS, for plaintiffs in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, BARBARA LEE, Assistant, Mr. SAMUEL MENIN, for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THIS is a workmen's compensation case in which the facts are undisputed. Plaintiffs in error are the employer and its insurance carrier. They are hereinafter referred to as the coal company and the insurance company, and defendants in error as the claimant and the commission, respectively.

The record and briefs recite in detail all the proceedings from the time of the accident to the final judgment of the district court, and cite all the statutes and numerous adjudicated cases applicable thereto. We find most of this immaterial to the particular point here in issue, or to an understanding of our conclusion thereon.

Claimant sustained an injury in an accident arising out of and in the course of his employment. Such proceedings were had that the commission on February 16, 1938, entered a "final award" by which it was ordered that $14.00 per week be paid claimant "from‘ and after February 21, 1938, until the sum of $3,640 shall have been paid for and on account of *permanent partial* disability." That was paid in full on or before February 16, 1943. March 6, 1943, the commission, on its own motion, reopened the case and conducted further hearings. August 9, 1943, it entered the award here in question. Therein it found "that claimant is *permanently and totally disabled* and that he has been * * * since the date of his accident," and ordered payment to him at the rate of $14.00 per week, from February 16, 1943, "to continue so long as claimant shall live."

Such proceedings followed that the district court affirmed that award, and to review the judgment entered accordingly the coal company and the insurance company prosecute this writ.

Section 389, chapter 97, 1943 Cumulative Supplement to '35 C.S.A. (S.L. '43, c. 135, §), provides for the review herein granted by the commission upon which its last award was entered, with this prohibition, "No such review shall affect such award as regards any moneys already paid." The sole question now before us is, Was that prohibition violated herein? In other words, Should the date of commencement of payments under this last award have been February 16, 1943, as fixed by the commission, or March 6, 1943, as contended by counsel for claimant?

This question is, in all material particulars, save one, identical with that presented and decided by this court March 13, 1944. *William E. Russell Coal Co. v. Zinge,* 112 Colo. 171, 147 P. (2d) 365. Even the plaintiff in error insurance company, counsel for plaintiffs in error, and the Attorney General and his deputy, counsel for defendants, are the same in both. The factual difference is this: In the former case the first award was for temporary disability, the last for total permanent disability. Here the first was for permanent partial disability, the last for permanent total disability. A slight modification of the last paragraph of our opinion in the Zinge case to fit the facts in this makes clear, we think, the similarity. Putting the words of the Zinge case in parentheses and italicizing those necessarily substituted here, we read: "Since the first award did not cover (total permanent disability) *permanent total disability* and no monies were paid therefor, and the second award did not cover (temporary disability) *permanent partial disability* and no monies were ordered paid therefor, the review did not affect the first award 'as regards any monies already paid'."

We think the distinction is one without a difference and that case disposes of this.

The judgment is affirmed.

MR. JUSTICE KNOUS, MR. JUSTICE JACKSON, and MR. JUSTICE HILLIARD concur.