## No. 15,864.

MORRISON ET AL. *v.* CLAYTON COAL COMPANY ET AL.
(181 P. [2d] 1011)

Decided June 2, 1947.

502

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, BARBARA LEE, Assistant for plaintiffs in error.

Mr. FORREST C. NORTHCUTT, for defendants in error.

*In Department.*

MR. JUSTICE STONE delivered the opinion of the court.

CLAIMANT Morrison, an employee of respondent coal company, was injured in the course of his employment January 4, 1940. Upon a hearing before the Industrial Commission it entered an award whereunder respondents were ordered to "pay compensation to claimant at the rate of $14.00 per week from January 20, 1940 to December 5, 1940 * * * on account of temporary total disability; thereafter, at the same rate until the further sum of $3640 [the maximum allowance] shall have been paid for and on account of permanent partial disability." On April 18, 1944, pursuant to petition of respondents, the case was reopened for further hearing, and thereafter it was again reopened on the commission's own motion with the result that, after several intermediate orders had been made and vacated, the commission found that claimant had been temporarily and totally disabled until he reached his maximum degree of improvement on March 20, 1942, and that he suffered per-

manent partial disability to the extent of ten per cent as a working unit. Pursuant to this finding the commission ordered in substance that respondents pay compensation to claimant from January 20, 1940 to March 19, 1942, for and on account of temporary total disability and thereafter at the same rate until the amount provided by statute as compensation for ten per cent permanent partial be paid. In an appropriate proceeding this award was reviewed by the district court, which held: (1) That the finding of the commission that claimant's temporary disability terminated on March 20, 1942, instead of December 6, 1940, as it had been determined by its previous award, was not supported by the evidence; and (2) that the order requiring respondents to pay compensation on account of temporary total disability to March 20, 1942, was retroactive and in contravention of the prohibition of section 389, chapter 97, '35 C.S.A., as amended by section 1, chapter 135, S. L. '43. Accordingly the court reversed the supplemental order of the commission insofar as it required payment of compensation for temporary total disability subsequent to December 5, 1940, and directed the commission to delete such requirement from its award.

It is elementary that the findings of the Industrial Commission as to facts must be accepted by the courts if there is any substantial evidence to support them. The evidence discloses that claimant at the time of the accident was working as a coal miner and sustained an injury to his lower back and hips in a mine accident as a result of which he was subjected to extended hospitalization and operative treatment. The surgeon who performed the operation, and whose estimate of disability was the basis of the findings of the commission in February, 1941, testified that claimant could not return to his employment as a miner and had a total loss for hard manual labor. He reported that on December 6, 1940, claimant complained of constant pain and believed he would never be able to work in the mine

again. At a subsequent hearing claimant testified that he suffered great pain in attempting to do any physical work, that he was unable to do physical work prior to March 20, 1942, and that because of his disability from the injury he was, during that period, attending business school in order to obtain a means of earning a living other than by physical labor. He further testified as to attempts to work during that period at a filling station and in a department store, and of his inability to remain in either employment because of pain in connection with the limited stooping and lifting there involved. We believe the evidence was sufficient to support the finding of the commission. Amended section 389, supra, authorizes the commission, within the period there provided, to review any award on the ground of error, mistake or change of condition, and upon a sufficient showing to make an award ending, diminishing, or increasing compensation previously awarded. This section of the statute plainly authorizes the action of the commission here involved, unless its right is limited by a subsequent provision of the section which provides: "No such review shall affect such award as regards any moneys already paid." The question for our determination is whether the supplemental award of the commission extending the date of temporary total disability from December 5, 1940 to March 20, 1942, was in violation of that provision of the statute as being retroactive or as affecting the previous award "as regards any moneys already paid."

██ ██ It seems important to note the distinction between such an award and a judgment. The latter is based on past acts; the former, in its determination as to whether liability exists, also is based upon past acts, but in its determination as to the extent of injury and amount of compensation, is based upon estimates as to future results. Accordingly, the finding by a commission as to liability is res judicata (*South v. Indemnity Ins. Co.*, 39 Ga. App. 47, 146 S. E. 45), but its determination as to the extent and duration of disability and the

amount of compensation properly to be awarded therefor should be subject to future change in the event the estimate upon which the award was originally based prove incorrect. And for this, the statute permitting reopening and modification provides. Unless the commission on such reopening and discovery of changed condition can make its order retroactive, the just purpose of the statute may often fail.

██ ██ Had the legislature so intended it could easily have declared that no such review should have a retroactive effect, or that no such review should affect a prior award as to any period for which payment had been made. But the statute contains no such provision. The right of review is plenary except "as to moneys already paid." The act is remedial. Its purpose is to provide adequate compensation for those injured, and it must be liberally construed to that end. It contains no restriction as to finding change of time of disability, or extent of disability, from that originally found, but only the limitation that it shall not affect "moneys already paid." The prior award determined that the moneys already paid were the property of the claimant. The one way in which those particular moneys could be affected by the review would be by the finding that those moneys were not the property of the claimant, but must be returned to the insurer. Such we believe is a plain and just interpretation of the statute, and our construction of the statute seems to have been uniformly to this effect.

In *Employers' Company v. Commission,* 83 Colo. 315, 265 Pac. 99, claimant was injured on November 13, 1924, and was originally awarded compensation for temporary disability for a period of four weeks (from November. 24, 1924 to December 22, 1924) and ten per cent permanent disability. After subsequent hearing on August 10, 1926, amended order was entered awarding compensation for total temporary disability from November 24, 1924 to May 20, 1926. And after further rehearing in 1927, the award was again amended to allow compensa-

tion for permanent total disability from November 24, 1924. In *Beckley v. Industrial Com.*, 112 Colo. 135, 146 P. (2d) 990, similar retroactive order extending the period of temporary total disability is noted. In *Reynolds v. Fraker Coal Co.*, 94 Colo. 84, 28 P. (2d) 338; *Hayden Bros. Coal Corp. v. Industrial Com.*, 90 Colo. 503, 10 P. (2d) 325 and 94 Colo. 211, 29 P. (2d) 637; *Rocky Mountain Fuel Co. v. Canivez*, 96 Colo. 198, 40 P. (2d) 618, and *Moffat Coal Co. v. Podbelsk*, 96 Colo. 355, 42 P. (2d) 1001, will be found retroactive orders approved by this court. In *Consolidated Coal & Coke Co. v. Todoroff*, 97 Colo. 125, 47 P. (2d) 404, claimant was originally awarded compensation for temporary disability from March 13, 1933 to March 31, 1933. After further hearing nearly two years thereafter, compensation for temporary disability was awarded from March 13, 1933 to December 9, 1933, and this retroactive order was approved by us. It was there urged that the commission acted without and in excess of its powers, but we said, speaking through Hilliard, J., "In the matter of permanent disability, we think there was sufficient new evidence to justify the commission's modified findings." In *Russell Coal Co. v. Zinge*, 112 Colo. 171, 147 P. (2d) 365, upon which respondents rely, the first award of compensation concerned only temporary disability and the subsequent order awarding compensation for permanent disability was sustained. The question of retroactive change of compensation was not therein involved. It is true that in the above cited cases particular challenge was not made on the ground of retroactivity, but, as we said in the Zinge case, supra, "They disclose that awards similar to that in the instant case have been repeatedly rendered by the commission and stood uncondemned by the courts."

██ "Optima est legum interpres consuetudo." The practical construction of a statute over a long period of time should not be disturbed except for cogent reasons, and no such reasons here appear. In fact, the very con-

struction here urged by respondents would give retro-active effect to the last order of the commission. In its original order the commission found total disability to December 5, 1940 and thirty-five per cent permanent disability thereafter. The subsequent order changed the percentage of total disability from thirty-five to ten per cent. If the subsequent order cannot be made retroactive, then the thirty-five per cent disability would necessarily stand until the date of the supplemental award, and claimant would now be entitled to compensation for ten per cent disability from that date. Claimant, not respondents, would gain thereby.

It is urged that permitting retroactive effect to the supplemental award will result in two concurrent compensations for the same injury. This will not result provided the compensation for permanent disability is computed on the basis of claimant's life expectancy as of the date of the termination of temporary disability, to wit: March 20, 1942.

We have carefully considered *Bristol Door & Lumber Co. v. Hinkle,* 157 Va. 474, 161 S. E. 902, and 71 C. J., p. 1461, section 1441, upon which respondents here, as in the Zinge case, rely. We also have considered the reported cases from Georgia, Kentucky and New York, involving similar statutes. Some are consistent with our interpretation and others not; but after due consideration of those cases we have discovered no reason for changing our interpretation of the statute. Accordingly, the judgment of the trial court is reversed insofar as it required deletion from the award of the commission of its requirement of compensation to claimant for total disability from December 6, 1940 to March 19, 1942, and the award of the commission as to such temporary total disability is approved.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HAYS concur.