**Dana KUZIEL, Petitioner,**

v.

**PET FAIR, INC., The Industrial Claim Appeals Office of the State of Colorado, and Colorado Compensation Insurance Authority, Respondents.**

No. 97CA0087.

Colorado Court of Appeals,
Div. V.

Sept. 4, 1997.

Rehearing Denied Oct. 30, 1997.

Alexander & Ricci, William A. Alexander, Jr., Colorado Springs, for Petitioner.

Colorado Compensation Insurance Authority, Curt Kriksciun, Brandee DeFalco–Galvin, Denver, for Respondents Pet Fair, Inc. and Colorado Compensation Insurance Authority.

No Appearance for Respondent Industrial Claim Appeals Office of the State of Colorado.

Opinion by Judge PIERCE.*

In this workers' compensation action, Dana Kuziel (claimant) seeks review of the final order issued by the Industrial Claim Appeals Office (Panel) which upheld the order of the Administrative Law Judge (ALJ) denying her claim to additional permanent partial disability (PPD) benefits. We affirm.

Claimant sustained a work-related injury to her knee in June 1992. A physician performing a division-sponsored independent medical examination (IME) placed claimant at maximum medical improvement (MMI) on December 28, 1993, and assigned her a 47% lower extremity rating. The 47% scheduled impairment rating converted to a whole-person impairment rating of 19%.

In a subsequent order, the ALJ determined that claimant also suffered from reflex sympathetic dystrophy (RSD) resulting in a functional impairment of the whole person which, accordingly, required that she be compensated consistent with the 19% whole-person impairment rating. However, the insurer, Colorado Compensation Insurance Authority (CCIA), continued to pay claimant according to the 47% scheduled rating which provided slightly more benefits than she would have received under her whole-person impairment rating.

Thereafter, claimant's condition worsened. She petitioned for a reopening, which was granted on January 20, 1995. The ALJ also reinstated temporary total disability benefits beginning August 23, 1994.

Claimant's treating physician then placed her at MMI on April 21, 1995. The physician further determined that claimant had never suffered from RSD and that, consequently, the appropriate impairment rating for her condition was 10% of the whole person.

In the order now on review, the ALJ found that claimant's total award of benefits including PPD benefits calculated pursuant to a 10% whole-person rating should equal $19,319.32. The ALJ also determined that CCIA had already paid claimant $19,850.45 and that, although it could not recover its overpayment, it owed no additional benefits. The Panel affirmed.

## I.

■ In this appeal, claimant again contends that she is entitled to recover 8.37% of the disability adjudicated in the initial order and which was unpaid because the case was reopened for redetermination of her disability status. We disagree.

---

\* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1996 Cum.Supp.).

Section 8–43–303(1), C.R.S. (1996 Cum. Supp.) provides that if an award is reopened because of an error, a mistake, or as in this case, a change in condition, "compensation and medical benefits previously ordered may be ended, diminished, maintained, or increased." Section 8–43–303(1), however, precludes any such reopening from affecting "the earlier award as to moneys already paid."

 The purpose of reopening claims where there has been a change in condition is to permit an equitable adjustment to the award to reflect such changes. *Ward v. Ward,* 928 P.2d 739 (Colo.App.1996). This remedial purpose is designed to ensure that the injured claimant obtains adequate compensation for his or her injuries. Consequently, the reopening statute does not bar findings as to either a change in the time of a disability or a change in the extent of the disability from that originally found. *Morrison v. Clayton Coal Co.,* 116 Colo. 501, 181 P.2d 1011 (1947) (discussing predecessor statute).

A subsequent award will affect an earlier award as to moneys already paid only if the claimant is required actually to pay back moneys from the initial award. *See Cody v. Industrial Claim Appeals Office,* 940 P.2d 1042 (Colo.App.1996).

Here, once the ALJ reopened the claim, claimant's degree of medical impairment could be redetermined and her PPD benefits adjusted accordingly. *See Morrison v. Clayton Coal Co., supra.* Claimant argues, however, that by crediting CCIA with the amounts it had paid under the first award towards the benefits owed under the second award, she essentially received nothing for her disability during the period preceding the reopening of her claim. Such a rationale disregards the express power granted in § 8–43–303(1) to diminish benefits previously ordered where such an adjustment would be appropriate.

Consequently, we agree with the Panel that the reduction in claimant's overall award from that originally ordered violated no statutory prohibition. Rather, we find that the reduction of benefits in light of claimant's improved condition exemplifies the type of equitable adjustment contemplated by the reopening statute. Therefore, the ALJ did not err in holding that CCIA owed claimant no additional benefits.

## II.

Claimant next contends that the ALJ and the panel erred when they calculated benefits for her second impairment according to her whole-person impairment rather than the equivalent rating under the schedule of injuries. We again disagree.

The issue was not asserted before the ALJ or included in the application for hearing even though payments were being made based on the treating physician's whole person rating at that time. Thus, this contention has been waived and we need not consider it. *Lewis v. Scientific Supply Co.,* 897 P.2d 905 (Colo.App.1995) (failure to raise an issue before the ALJ will preclude consideration of that issue by the court on review).

Order affirmed.

RULAND and TAUBMAN, JJ., concur.